[S. F. No. 13409. In Bank.—January 8, 1931.]

DAIRY DALE COMPANY (a Corporation), Respondent, v. THOMAS FOSTER AZEVEDO, Appellant.

Daniel A. Ryan and George F. Snyder for Appellant.

Jesse H. Steinhart and John J. Goldberg for Respondent.

THE COURT.—This is an appeal from a judgment of the Superior Court of the City and County of San Francisco, enjoining the defendants from soliciting the patronage of certain customers of plaintiff.

Plaintiff is engaged in the business of selling and distributing milk and other dairy products in San Francisco. It deals with its customers through persons employed as

drivers and collectors. The milk is distributed on regular routes, and it is the duty of the drivers and collectors to solicit new customers and thus build up the routes. They are paid a monthly salary, and are aided in their efforts by advertising carried on by plaintiff.

For a period of seven years up to February 15, 1928, defendant and appellant Azevedo was employed by plaintiff as a driver and collector. In the course of such employment he learned the names and addresses and requirements of plaintiff's customers on certain routes. Just prior to the termination of his employment with plaintiff, he commenced to solicit these customers on behalf of defendant Russell Milk Service Company. It is to this solicitation of customers listed in the particular routes on which appellant was employed that the injunction is directed.

These facts clearly present a proper case for an injunction. It is settled in this state that the names, addresses and requirements of an employer's customers on such a route, which constitute part of the goodwill of the business, are trade secrets; and equity will restrain their disclosure by an employee. We recently gave full consideration to this question and restated the principles upon which such relief is granted in *Pasadena Ice Co.* v. *Reeder,* 206 Cal. 697 [275 Pac. 944, 947, 276 Pac. 995].

Appellant argues that in the particular districts where the routes in question are located, plaintiff serves nearly one-half of the people, and that therefore the knowledge which the employee has of such customers is not actually secret and confidential. There is no merit in this assertion, since obviously it is not merely the knowledge of the identity of the customers, but the friendly contact with them which is important to the solicitors: " . . . they became personally acquainted with the customers of the respondent, their respective places of residence, their peculiar likes and fancies and other characteristics, a knowledge of which would greatly aid them in securing and retaining the business of said former customers". (*Pasadena Ice Co.* v. *Reeder, supra.*) (See, also, *Colonial Laundries, Inc.,* v. *Henry,* 48 R. I. 332 [54 A. L. R. 343, 138 Atl. 47].)

The judgment is affirmed.

Rehearing denied.