[L. A. No. 13085. In Bank.—March 28, 1933.]

GOLDEN STATE MILK PRODUCTS COMPANY (a California Corporation), Respondent, v. WILLIAM P. BROWN, Appellant.

Leo V. Silverstein for Appellant.

Benj. S. Parks for Respondent.

LANGDON, J.—This is an appeal from a judgment granting a permanent injunction. Plaintiff corporation is engaged in the business of selling and distributing dairy

products in Los Angeles County. For some eleven years defendant was employed as route man within certain territory in the city of Alhambra. On November 20, 1930, defendant voluntarily left the employ of plaintiff and became route foreman for Valley Dairy Company, a competing concern. This action was commenced several months later to enjoin defendant from soliciting patronage of plaintiff's customers in said territory. The trial court ordered that defendant be enjoined from directly or indirectly soliciting any person along and within said territory formerly served by him while in the employ of plaintiff; and from supplying milk products to any such persons whom he had solicited.

In his appeal, defendant contends first that the injunction is improper in that it attempts to prohibit him from soliciting any business at all within the designated territory; but it is obvious from a reading of the order, and it is conceded by plaintiff, that it only prohibits solicitation of the former *customers of plaintiff* who were served by defendant. Defendant next contends that it is an unwarranted interference with the rights of third persons to prevent him from *supplying* milk products to those who may desire them; but the injunction, to be effective at all, must prevent him from supplying former customers of plaintiff solicited by him, and that is its provision. No attempt is made in the judgment to restrain defendant from *receiving* the unsolicited patronage of former customers of plaintiff whom he served, or from soliciting any persons who were not formerly on his route. The evidence sufficiently shows that a considerable number of customers left the plaintiff after years of steady patronage, and took milk from Valley Dairy Company, shortly after defendant changed his employment; and while some of the witnesses testified that they came unsolicited, and that they learned of defendant's change of employment only incidentally during social calls which he made upon them, others admitted that he had informed them of his new association, and had asked that they try his company.

In this state of the record, the authorities definitely establish plaintiff's right to an injunction as granted. (See *Pasadena Ice Co.* v. *Reeder,* 206 Cal. 697 [275 Pac. 944, 276 Pac. 995]; *New Method Laundry Co.* v. *MacCann,* 174 Cal.

26 [161 Pac. 990, Ann. Cas. 1918C, 1022]; *Dairy Dale Co.* v. *Azevedo,* 211 Cal. 344 [295 Pac. 10].)

The judgment is affirmed.

Curtis, J., Preston, J., Shenk, J., Thompson, J., and Waste, C. J., concurred.