[Sac. No. 4799. In Bank.—February 20, 1935.]

GLORIA ICE CREAM & MILK COMPANY· (a Corporation), Appellant, v. CHARLES COWAN, Respondent.

Langdon & Tope and Pillsbury, Madison & Sutro for Appellant.

Manuelita E. Aldecoa and Law T. Freitas for. Respondent.

WASTE, C. J.—Plaintiff had, for many years, engaged in the business of buying, selling, delivering and distributing milk, cream and general dairy products by means of and over established trade routes. It employed the defendant Charles Cowan as a salesman and driver to deliver its dairy products over one of its routes on which there was an established and going trade list of customers for its commodities. Plaintiff paid Cowan a stipulated weekly wage, and

for three years he continued to serve the customers of plaintiff, using plaintiff's equipment for the service. During the period of this service, Cowan secured a list of the customers of plaintiff along the route, and acquired other valuable information, alleged to be of a confidential nature, relating to plaintiff's business.

Cowan quit his employment with plaintiff, and, according to the charges of plaintiff, threatened and intended to enter the service of the defendant Black Milk Company, a concern engaged in the same line of business as the plaintiff, and in competition with plaintiff in the same community. Alleging that Cowan threatened to and would sell and deliver the dairy products of the Black Milk Company to the customers of plaintiff on the established route of plaintiff formerly served by him; and would serve, solicit and sell to such customers, and otherwise make use of the information obtained by him while in the employ of plaintiff, plaintiff brought this action seeking to restrain defendants Cowan and the Black Milk Company from appropriating or endeavoring to appropriate patronage belonging to it, and to enjoin the defendants from soliciting or attempting to solicit the patronage of the customers of plaintiff along the trade route formerly served by Cowan. The cause was tried by the court sitting without a jury. At the conclusion of testimony for the plaintiff, judgment of nonsuit was granted, and plaintiff has appealed.

The cause going off on the motion for nonsuit, no findings were made, but it appears from the evidence that the regular route of plaintiff's customers served daily by Cowan was a "wholesale route", the customers consisting mostly of restaurants, bakeries, grocery stores, markets and similar concerns. The defendant Cowan delivered milk and cream to these places, collected for the amounts sold, attended to complaints, if any, made by the customers, and solicited new accounts. It is definitely shown by the evidence that, following the threats, Cowan did quit working for the plaintiff, and the next day began working for the rival firm, and for that firm served milk and cream to former customers of plaintiff, among others. Eleven or twelve customers quit plaintiff in one day.

We need not express our own views as to the conduct of the defendant Cowan in this matter. The trial

court, in response to the motion for a nonsuit, said: ''The Court is not deceived at all by the contention that the defendant [Cowan] did not solicit the patrons of the plaintiff in this case; I am satisfied that he did . . . and that he had solicited them, and . . . when he went around ahead of the Purity people's truck [the competitor of plaintiff], that he was steering them up against the patrons of the Gloria Company. The Court is not deceived in that at all . . . I think it was very reprehensible, unclean, unfair, and indecent for the defendant to be guilty of the acts he was guilty of here. He had a job, a regular job, and a permanent job, which he planned deliberately to give up in order that he might injure these people, the plaintiffs in the case . . . '' In spite of such conclusion on the facts of the case thus expressed by the trial court, it took what we believe to be an erroneous view of the law applicable to the case, and granted the nonsuit. The reason for such action, as appears from the record and from the declarations of counsel in the briefs, was that the court was of the view that the authorities generally recognized as applying to cases of this sort are not applicable here solely because the route of plaintiff in question was a ''wholesale route'', as distinguished from a ''retail route'' on which ''delivery is made at residences and homes''. We do not so construe the cases.

The respondent, defendant below, urged upon the consideration of the lower court, and relies here, upon a decision of the District Court of Appeal in *Avocado Sales Co.* v. *Wyse,* 122 Cal. App. 627 [10 Pac. (2d) 485]. In that case, on the trial court's findings, it was held that an injunction will not be granted at the instance of one engaged in the business of selling avocados to retailers, such as grocery stores, vegetable or fruit stands, clubs, hotels and cafes, to enjoin former employees subsequently engaging in the same business from soliciting business from such retailers to whom the former employer, through these former employees, sold avocados, where such retailers were solicited and sold to by other firms and individual dealers. In that case, according to the opinion of the District Court of Appeal (page 634), the plaintiff was asking it to go further than any reported case had yet gone when it asked the court to say ''that a salesman for a wholesale concern calling upon well-known retail dealers to solicit orders and deliver goods

for his employer and thereby making personal friends and acquiring a personal knowledge of his customers shall be, after the termination of such employment, debarred from dealing with the same customers for his own benefit''. Assuming that in that case no confidential relation was violated, as indicated by the opinion of the District Court of Appeal, and no confidential information was misused, the decision of the District Court of Appeal in the case seems correct. In the case at bar, however, in the opinion of the trial court, the acts of the defendant Cowan, in which the other defendant (the Black Milk Company) participated, were done in carrying out a preconceived plan to injure the business of the plaintiff over a well-established route the plaintiff had built up.

The rule applicable to the kind of case here has been developed by the adjudication of the courts and by legislation looking toward the protection of the business world against unfair competition, and courts of equity stand ready to restrain such acts. Independent of any express contract between the parties, equity will restrain the acts of which plaintiff complains, and which the defendants threatened to do and which they were actually doing. (*Empire Steam Laundry Co.* v. *Lozier,* 165 Cal. 95, 102 [130 Pac. 1180, Ann. Cas. 1914C, 628, 44 L. R. A. (N. S.) 1159].) In that case this court affirmed the doctrine that an agent has no right to use materials obtained by him in the course of his employment and for his employer against the interests of that employer. ''Such a use'', the court said (page 100), ''is contrary to the good faith of the employment, and good faith underlies the whole of an agent's obligations to his principal.'' In *Pasadena Ice Co.* v. *Reeder,* 206 Cal. 697 [275 Pac. 944, 277 Pac. 995], this court again reviewed the authorities, and reaffirmed the doctrine laid down in the Empire Steam Laundry case, *supra.* See, also, *Dairy Dale Co.* v. *Azevedo,* 211 Cal. 344 [295 Pac. 10]. Other citation seems unnecessary. We are satisfied to apply that doctrine as controlling in this case.

We may assume that the names of the customers of plaintiff on the milk route here in question, being restaurants, bakeries, markets, grocery stores and like concerns, were listed in public directories and, therefore, under the facts of this case, were not ''trade secrets'', which seems to

have been the situation in the Avocado Sales Co. case, *supra,* relied on by respondent, and which evidently led to the action of the trial court. But, eliminating from our consideration the list of customers of plaintiff formerly served by defendant Cowan, we still find in the record evidence that Cowan deliberately left the employ of plaintiff and as deliberately went about using whatever information he had acquired as its agent during years of service for the purpose of, and with intent of injuring plaintiff's business. The defendant milk company participated with Cowan in such action. Equity will not tolerate such unfair tactics. The motion for a nonsuit should not have been granted.

The judgment is reversed.

Thompson, J., Shenk, J., Langdon, J., Preston, J., Curtis, J., and Seawell, J., concurred.

Rehearing denied.

Seawell, J., voted for a hearing.