[S. F. No. 15368.   In Bank.—January 13, 1936.]

LANGENDORF UNITED BAKERIES, INC. (a Corporation), Respondent, v. S. M. PHILLIPS, Individually, etc., et al., Appellants.

Joseph A. Brown for Appellants.

Heller, Ehrman, White & McAuliffe, Samuel S. Stevens and F. W. Tenney for Respondent.

THOMPSON, J.—Plaintiff brought this action to restrain the defendants from soliciting former customers of the Phillips Baking Company to purchase from appellants bread and

other bakery products, and this is an appeal by appellants from a preliminary injunction granted against them.

The circumstances giving rise to the litigation, according to the allegations of the complaint and supporting affidavits, are not greatly complicated. Some time prior to September 7, 1935, the Phillips Baking Company had been engaged in the baking and sale of bread and other bakery products in the city and county of San Francisco, and also prior to that date had become financially involved and had filed a proceeding in the United States District Court under section 77–B of the Bankruptcy Act (see 48 U. S. Stats., p. 912) for a corporate reorganization. During the pendency of this proceeding, one Milton Meyer made an offer to purchase the "baking equipment, machinery, trucks, accounts receivable, inventory, good will, copyrights, registered trade-marks and all appurtenances of said business" for the sum of $35,000. On September 7th, after an order was made approving and confirming the sale to Meyer, the Phillips Baking Company, by S. M. Phillips, its president, and I. S. Phillips, secretary, executed a bill of sale covering the property already described to Milton Meyer, who subsequently conveyed the same to the respondent. From affidavits it is made to appear that before the appellant S. M. Phillips would accept the Meyer offer he had to be assured that he would be forgiven certain obligations owed by him and the directors and employees to the corporation. However, in consideration of such release, Meyer exacted from appellant S. M. Phillips, who apparently owned most of the stock, a promise that he would not engage in the baking business "in San Francisco and vicinity under the name of Phillips Baking Company, or any similar name, or any name in which the name of Phillips is used", and further that he would not "use any of the following names in connection with his products, to wit: Phillips, Indian, Veribest, Electricbake, or any of the names copyrighted or otherwise, designs or color schemes heretofore and now used by said Phillips Baking Company". Within such restrictions, appellant was granted the right to engage in the baking business in San Francisco under the name of "First Lady Bread" or "Major Phillips". It is also alleged that on September 7th, the Phillips Baking Company had approximately thirteen trade routes, which trade routes were designated in trade route books, some of which books were

never delivered to Meyer, although the routes and books constituted a material part of the good will of the business. It is then alleged that, on the 10th of September, defendants, doing business under the name of Major Phillips, commenced soliciting and delivering bread and bakery products to the former customers listed in the trade route books. An order to show cause was issued by the United States District Court, directed to S. M. Phillips and the Phillips Baking Company, requiring them to appear and show cause why the books should not be delivered and why they should not be restrained from such solicitation. That court made an order requiring the delivery of the books but, upon the statement of appellant that he had discharged all of his drivers, and shut down his business, and would not reemploy the drivers, the order to show cause was discharged. It is then alleged that one route, the "restaurant route", was particularly valuable, and that on September 16th, the day following the order of the United States District Court, one of the former drivers of appellant accompanied the appellant Walter Weber over the restaurant route, soliciting former customers for appellant doing business under the name of Major Phillips, who has been and is engaged in the bakery business, and who has been since September 7th soliciting former customers of the Phillips Baking Company. Finally, it is alleged that such solicitation will be of irreparable and increasing injury and damage to the respondent. Some of the averments of respondent's affidavits were denied and some of the allegations of the complaint were likewise negatived by affidavits on behalf of appellants, but the denials were not of such a character as to deprive the judge of the trial court of the right to conclude in accordance with the facts we have already outlined.

The appellants contend as follows:

1. In the sale of the good will of a corporation an individual who is an officer of the corporation is not restricted from thereafter engaging in the same business under his own name and soliciting business from former customers of the corporation as long as he engages in no unfair competition.

2. In the absence of an agreement not to engage in a similar business in the same neighborhood the seller of a business has the right to reengage in the same line of business.

3. The complaint shows by the bill of sale, made a part thereof, the defendant was expressly granted permission to reengage in the same business.

4. The sale being a judicial sale, and involuntary, did not prevent the appellant from reengaging in the same business and soliciting former patrons of the corporation.

■ We have thus stated *in haec verba* the exact contentions of appellants because it appears therefrom that they have to a degree misconceived the nature of the complaint filed against them. It is framed, in part at least, upon the theory that respondent is entitled to restrain the officers and employees of the Phillips Baking Company, purchased by respondent, from making use, to respondent's injury and damage, of valuable information of a confidential character. It is in fact conceded that appellant Phillips has the right to reengage in business under the name used by him. The allegations of the complaint and the averments of the supporting affidavits are sufficient to warrant the court in believing that the appellant S. M. Phillips, through his agents and employees, was deliberately and designedly using the information he had secured as an officer of the Phillips Baking Company to undermine and injure the business sold to the respondent. This brings the case squarely within the rule recently announced by this court in *Gloria Ice Cream & Milk Co.* v. *Cowan,* 2 Cal. (2d) 460 [41 Pac. (2d) 340], and the authorities there cited. The injunction *pendente lite* does no more than to restrain appellant S. M. Phillips, doing business as Major Phillips, and his agents and employees, from soliciting former customers, and must be read in the light of the rule announced in the case to which we have referred. It is, therefore, apparent that the contentions above recited do not require discussion separately. What we have already said disposes of the additional contention that the facts and the evidence did not warrant the issuance of the temporary injunction.

■ It is also asserted that the court erred in admitting parol testimony to vary the terms of the bill of sale. Evidently what is meant by the assignment is that the court should not have considered affidavits which purported to show the facts surrounding the inclusion within the bill of sale of the provision that appellant should have the right to

reengage in business under the name of "First Lady Bread" or "Major Phillips". Here again it is necessary but to call attention to the fact that the injunction was authorized to prevent unfair and unjust competition. We have no way of telling whether the trial judge considered the affidavits in this particular of any weight, a fact which demonstrates that error may not be predicated thereon, even though the testimony might not have been admissible, a point which we do not decide.

The order granting the injunction *pendente lite* is affirmed.

Waste, C. J., Seawell, J., Shenk, J., Curtis, J., and Conrey, J., concurred.

Rehearing denied.