[Civ. No. 11553. First Appellate District, Division Two.—January 17, 1941.]

SANTA MONICA ICE AND COLD STORAGE COMPANY (a Corporation), Respondent, v. WAYNE ROSSIER et al., Appellants.

M. Tellefson and William A. Sherwin for Appellants.

Donald J. Dunne for Respondent.

NOURSE, P. J.—For a number of years the plaintiff had been engaged in the sale of ice in the City of Santa Monica through distributors who were paid a salary and commission. The defendants, Rossier, Matheson and Matheson, as co-partners, were selling ice out of Culver City under the trade name of Pure Ice Company. The defendants, Jacobs, Sr., Jacobs, Jr., and Tanner, were employees of plaintiff. In March, 1938, the three last named defendants left plaintiff's employment and engaged to work for the partnership in competition with plaintiff. The Santa Monica district had been divided by plaintiff into two working territories designated in the evidence as route No. 1 and route No. 2. While employed by plaintiff, Jacobs, Jr., had worked route No. 1, Tanner had worked route No. 2, and Jacobs, Sr., had worked both. Jacobs, Sr., was the father of Jacobs, Jr., and the father-in-law of Tanner. In an effort to avoid a charge of unfair competition the partnership assigned Jacobs, Jr., to route No. 2 and Tanner to route No. 1, while Jacobs, Sr., worked with both in both territories. Before leaving the employment of plaintiff, Jacobs, Jr., notified his customers of the proposed change and asked them to patronize Tanner. Jacobs, Sr., took Tanner through the district and urged his former customers to give him their trade. At the beginning of their new employment one or more of these defendants was accompanied by Rossier to whom their former customers were designated. In some instances when the party had been a customer of the employee accompanying Rossier the latter personally made the deliveries. The plaintiff was able to show that, because of these activities of the several defendants, it had lost a large number of its customers. Its application for an injunction to restrain these activities was granted, and all defendants appeal. They attack the judgment both as to the restraint

placed upon the three former employees of the plaintiff, and as to that placed upon the partnership which gave them their new employment.

The gravamen of the action is the alleged disclosure and unlawful use of trade secrets and confidential information obtained by the former employees through the good will and personal contacts fostered by their employers. Particular emphasis is laid on the "route books" which it is charged these employees made use of in their new employment. The respondent states the character and value of these books as follows: "Each of the distributors has a particular established trade route. The names and addresses of plaintiff's customers are kept in specially prepared loose leaf volumes, containing the names and addresses of the customers, the days upon which deliveries of ice are to be made and other information such as whether the customer is a cash customer or charge customer, together with any special information respecting the habits, customs and preferences of the customer. Each driver is furnished with such a volume (known as a route book) covering the particular territory and route which has been assigned to such driver. A duplicate of the list is kept in the office of the Company and from time to time is checked with the route book so as to add new customers who may from time to time be acquired. These lists have been compiled and are maintained at the expenditure of a substantial sum of money by the Company and enable the plaintiff to keep a check upon its business and to increase and extend it where possible."

The trial court found that the appellants constituting the partnership employed the other appellants for the purpose of learning the trade secrets of respondent and that all the appellants were working in cooperation for the purpose of taking away the business of respondent; that the secrets and other information obtained by the former employees of respondent through use of the "route books" and otherwise was disclosed one to the other "so that each of the said defendants would be able to go forth and solicit the business of plaintiff's customers whether on the route theretofore served by respective defendants personally or the route of the other defendants and to turn the business and trade secured thereby over to the Pure Ice Company; that in furtherance of said scheme and plan the said defendants in this paragraph named

exchanged their respective trade routes and territories in the manner herein alleged for the purpose and with the object of attempting to evade their duties and obligations to plaintiff arising by reason of their employment by plaintiff and the knowledge and information acquired by them while in the course of their employment by plaintiff and for the further purpose of evading the principles of justice, right and equity established by law for the protection of the trade secrets of plaintiff as the former employer of defendants, and each and all of them.''

There is substantial evidence to support this finding as well as all others merging into the judgment. Appellants are not able to contend otherwise. Their references to minor conflicts in the evidence have no bearing in face of the rule that a finding will not be disturbed on appeal when supported by substantial evidence. In short, the appellants rest their case on the specious argument that each of the former employees was soliciting in the territory heretofore served by another. But the evidence is plain that the three worked in cooperation, one soliciting for the other and the three for all. We attach no importance to the fact that some deliveries were made to ''card customers''—parties displaying a card showing that ice was wanted. These cards had all been left with the customers by these former employees after they had been first solicited as customers.

The case comes squarely within the rule stated in 28 Am. Jur., p. 304, as follows: ''The disclosure by an employee of trade secrets and other confidential information obtained by him in the course of his employment is a breach of trust, and it is well settled that a court of equity will restrain any threatened disclosure or use thereof to the detriment of the employer. The character of the secrets, if peculiar and important to the business, is not material. They may be secrets of trade, secrets of title, secrets of process of manufacture, or any other secrets of the employer important to his business.'' This principle is carried into the State Labor Code, section 2860 reading: ''Everything which an employee acquires by virtue of his employment, except the compensation which is due to him from his employer, belongs to the employer, whether acquired lawfully or unlawfully, or during or after the expiration of the term of his employment.''

The same principle is found in 14 Cal. Jur., pp. 198, 199, reading: "If a person establishes a trade or business which depends for its continuance upon keeping secret the names of customers or other valuable information known to such person, no agent or employee having been intrusted with such secrets in the course of his employment, may thereafter utilize his secret knowledge against the interests or to the prejudice of such person. . . . This rule rests also upon the broad general principle that an agent has no right to employ, as against his principal, materials which the agent has obtained only for his principal and in the course of his agency. Accordingly, in proper cases an injunction will issue to protect the rights of a principal as against his agent who has taken an unfair advantage of the confidential relationship which exists between them".

The leading case in this state on the subject, *Empire Steam Laundry* v. *Lozier*, 165 Cal. 95 [130 Pac. 1180, Ann. Cas. 1914C, 628, 44 L. R. A. (N. S.) 1159], has been followed repeatedly, and no authority to the contrary is cited. The later cases, such as *Gloria Ice Cream etc. Co.* v. *Cowan*, 2 Cal. (2d) 460 [41 Pac. (2d) 340], and *Langendorf United Bakeries* v. *Phillips*, 5 Cal. (2d) 150 [53 Pac. (2d) 363], complete an unanimous adherence to the rule.

The suggestion that the partnership is not subject to the remedy sought is not sound. The evidence showed that it employed the other appellants for the purpose of discovering and using the trade secrets which these employees had obtained while in the service of respondent. It appeared that the partnership was using this information to the damage of respondent. In *Pasadena Ice Company* v. *Reeder*, 206 Cal. 697 [275 Pac. 944, 276 Pac. 995], *Gloria Ice Cream etc. Co.* v. *Cowan, supra,* and *Langendorf United Bakeries* v. *Phillips, supra,* the injunctions ran against the new employer restraining him from using the information obtained by the new employee as agent of his former employer. In this manner the remedy to which the plaintiff has been found to be entitled is made effective and complete. It is a cardinal rule of equity that the court has power to make its decrees effective, and that when it has jurisdiction of the parties and of the subject matter its decree will be complete in order to terminate the litigation if possible. (10 Cal. Jur., p. 559; 21 Cor. Jur., p. 134; *Rolapp* v. *Federal Bldg. etc. Assn.*, 11

472

Cal. App. (2d) 337, 343 [53 Pac. (2d) 974].)  We find no error in the record.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 17, 1941.

