[Civ. No. 13255.   Second Dist., Div. One.   Oct. 7, 1941.]

E. WARE FOSTER, Jr., Respondent, v. G. FULLER PETERS, Appellant.

Robert A. Eastman for Appellant.

Albert E. Wheatcroft for Respondent.

SHAW, J. *pro tem.*—This appeal by defendant is presented on the judgment roll alone, with no record of the evidence. From the findings, the following facts appear: Plaintiff is an insurance solicitor, and defendant an insurance broker, and plaintiff was employed by defendant for a time to work as solicitor for defendant. Prior to his employment by defendant, plaintiff had acquired a selective and confidential list of customers for the sale of casualty, fire and accident insurance, with whose insurance needs he was familiar, and with whom he had a valuable good will. Defendant employed plaintiff to solicit and sell "to various persons life and related policies of insurance and while so employed to solicit and sell casualty, fire and accident insurance to plaintiff's said selective list of clientele and customers." While plaintiff was so employed, defendant kept records of the policies sold by plaintiff to these customers and the commissions earned by plaintiff thereon, and became acquainted with their names, addresses and insurance needs. Since plaintiff left defendant's employ, defendant has used plaintiff's list of customers and solicited and attempted to sell insurance to them without plaintiff's permission.

In his complaint plaintiff asked an injunction against such use of his list and also for an accounting and judgment for the amount of commissions due him on policies sold by him to his customers while in defendant's employ. The trial court gave plaintiff judgment for an injunction and for the sum of $1,032.94, from which judgment defendant appeals.

Defendant argues that the findings are inconsistent and hence do not support the judgment. The claimed inconsistency relates only to the nature of the agreement between plaintiff and defendant as to the compensation to be paid by defendant to plaintiff.

Plaintiff's complaint did not allege what this agreement was, except to show that commissions were to be earned by plaintiff on sales of insurance policies to his customers. In his answer defendant alleged the agreement in this respect to be that plaintiff was to have 50% of these commissions and defendant was to retain the other 50% for his services in handling the business. The court found that this part of the answer was not true. In connection with a cross-complaint which alleged that the same agreement was made for

equal division of commissions on "life and related policies," the court found this allegation also to be untrue, adding that, in fact, plaintiff was "employed on a salary during the period of his said employment." Another finding was, that defendant "did appropriate to his own use commissions due plaintiff."

It is claimed that there are inconsistencies among these findings. We are unable to see any. The finding as to salary does not state that there were no commissions, nor does it clearly relate to the matter on which plaintiff sued; and the finding as to commissions does not state that there was no salary. One person may work for another on an agreement by which he is to receive both salary and commission. ■ Findings are to be liberally construed and if possible any ambiguity or uncertainty must be resolved in support of the judgment. (*Middleton* v. *Parsons* [1937], 22 Cal. App. (2d) 250 [70 Pac. (2d) 515].) ■ Under this rule the findings here are sufficient.

■ Defendant also complains that the injunction granted by the judgment is too broad. Plaintiff concedes this point and we find it well taken. The injunction against the use of plaintiff's list restrains the defendant from "soliciting, selling, canvassing casualty, fire or accident insurance from any of the following persons who were clients and customers of plaintiff prior to March 31, 1936, (naming them)." The word "selling" is improper here, for it would prevent defendant from doing business with any of plaintiff's listed customers even though the business came to him on the customer's own initiative without any act of solicitation or other violation of plaintiff's rights by defendant. (*New Method Laundry Co.* v. *McCann* [1916], 174 Cal. 26 [161 Pac. 990, Ann. Cas. 1918C, 1022].) The injunction should be limited to sales to customers of plaintiff solicited by defendant. (*Golden State Milk Prod. Co.* v. *Brown* [1933], 217 Cal. 570 [20 Pac. (2d) 657].) Plaintiff concedes that this may be accomplished by striking the word "selling" from the injunction.

Defendant also objects to the inclusion of Security-First National Bank of Los Angeles in the list of customers, and while the record shows no reason for excluding it, plaintiff consents in his brief that this may be done.

The judgment is modified by striking the word "selling" from paragraph IV thereof, and by striking from the same paragraph the name "Security-First National Bank of Los Angeles," and as so modified, it is affirmed, each party to bear his own costs of appeal.

York, P. J., and White, J., concurred.