[Civ. No. 15791.   Second Dist., Div. Two.   June 6, 1947.]

F. R. WALLICH, Respondent, v. J. H. KOREN, Appellant.

Michael F. Shannon and Thomas A. Wood for Appellant.

Hansen & Sweeney and John L. Mace for Respondent.

MOORE, P. J.—The sole question posed by this appeal is whether under the facts found by the court the plaintiff was entitled to damages and injunctive relief on account of unfair trade practices by the defendant, appellant herein.

For about ten years prior to the commencement of this action respondent manufactured and distributed first-aid medical supplies and maintained a laboratory in which he employed skilled chemists for the creation of his products. July 17, 1940, he employed appellant by written contract whereby the San Joaquin Valley, Los Angeles County, and other portions of Southern California areas were assigned exclusively to appellant who agreed to solicit the retail trade over the routes designated. The salesman was supplied with respondent's list of patrons within the specified territory with their addresses and other valuable information relative to them. Appellant continued to solicit respondent's customers within the territory until April, 1944, when the employment was terminated. About December 15, 1945, appellant re-entered the field of his former employment and commenced to solicit and to sell first-aid supplies to respondent's customers on the routes formerly traveled by him while in respondent's employ. Such supplies were similar to those then manufactured and distributed by respondent and formerly sold through the agency of appellant. In his efforts he was aided by the list of respondent's patrons acquired during his previous tenure, by his intimate acquaintance with such patrons, by his knowledge of their stocks and by their friendly attitude toward respondent and partiality to his products. He was aided also by his knowledge of the customers' requirements, buying habits and buying intervals acquired during the prior employment.

The court awarded judgment for the sum of $250 and enjoined appellant from selling to or soliciting the purchase of first-aid medical supplies from any of those persons who were customers of respondent on the routes traveled by appellant while in the employ of respondent. Also, he was enjoined from attempting to induce any of such former customers to withdraw their trade from respondent and to purchase such supplies from appellant and from revealing the names and addresses of such customers.

There is no dispute as to the facts. The issue is to be determined by resolving whether the facts bring the case within unfair trade practices, such as appellant's using trade secrets and canvassing the "routes" of his erstwhile employer, as

defined by certain California decisions (*George* v. *Burdusis*, 21 Cal.2d 153 [130 P.2d 399]; *Scavengers' Protective Association* v. *Serv-U-Garbage Co.*, 218 Cal. 568 [24 P.2d 489]; *Golden State Milk Products Co.* v. *Brown*, 217 Cal. 570 [20 P.2d 657]; *Pasadena Ice Co.* v. *Reeder*, 206 Cal. 697 [275 P. 944, 276 P. 995]; *Empire Steam Laundry* v. *Lozier*, 165 Cal. 95 [130 P. 1180, Ann.Cas. 1914C 628, 44 L.R.A.N.S. 1159]), or whether it is a case of a commercial salesman who on leaving his employer immediately engages in a competitive business and makes use of only such information gained from his former employer as such a salesman is entitled to use in building up a business for himself or for another competitor. If his conduct was of the first class the judgment should be affirmed; if of the second it should be reversed.

█ If the continuance of an employer's trade depends upon keeping secret the names of customers, or other valuable information known to such employer, his employee, having gained knowledge of such secrets in the course of his employment, cannot thereafter utilize such knowledge to the prejudice of his former employer. (*New Method Laundry Co.* v. *MacCann*, 174 Cal. 26, 30 [161 P. 990, Ann.Cas. 1918C 1022].) █ Independent of an express contract equity will enjoin the disclosure of confidential knowledge of trade secrets which a former employee learned in the course of his employment. (*Empire Steam Laundry* v. *Lozier, supra,* 99) █ The fact that a defendant was employed by plaintiff for years during which he learned the names, addresses and requirements of plaintiff's customers justifies injunctive relief where the defendant undertook to use such information to the detriment of plaintiff. Such knowledge is a part of the good will of the business and is a trade secret. (*Dairy Dale Co.* v. *Azevedo,* 211 Cal. 344 [295 P. 10]; *Pasadena Ice Co.* v. *Reeder, supra.*)

Appellant contends that the facts here under consideration more nearly parallel those in *Continental Car-Na-Var Corp.* v. *Moseley,* 24 Cal.2d 104 [148 P.2d 9], and that it should control this decision. A careful reading discloses that it cannot be placed in the category of the route cases, in which the products sold are essentially the same and the quality of service rendered is similar. Preferably, it is the case of a commercial salesman who had no assurance of an order unless he could satisfy the prospective buyer that his wares could be sold at a lower price, or that for other reasons they

would be more salable than competing products. The court emphasized that in selling to plaintiff's customers the defendant did nothing with the intention of harming the plaintiff. The case is one in which the former employee was not in possession of secret information not readily accessible to others; he was within his rights in advising the trade of his change to the house of a rival employer. Therefore it is not authority for appellant's contention herein.

On the other hand, the court below was guided by the decision in *George* v. *Burdusis* and respondent now places its reliance in the same authority for an affirmance. The facts reported and the conclusions derived warrant such reliance. After a partnership of over four years Aleck Burdusis conveyed his interest to his partners including the good will in the partnership which had conducted a linen supply business. He was soon joined by his brother Tom and together they traveled the route which Tom had traveled for three years as agent of the old firm, and within a week procured for Aleck 137 of the 160 customers he had served for his former employers. The court held that the use by a former employee of a customer list of his former employer whereby to solicit business for a rival concern is an unwarranted disclosure of trade secrets, which act on the part of such employee will be enjoined (citing authorities first mentioned herein); that in such cases the wrong to the former employer lies not only in the knowledge of the identity of the customers but also in the former employee's personal acquaintance with and knowledge of the customers and of their "places of residence, their peculiar likes and fancies and other characteristics," all of which mightily aids a solicitor to secure and retain the business of those he visited while in the service of his former employer (citing *Dairy Dale Co.* v. *Azevedo*, 211 Cal. 344 [295 P. 10]) that a list of customers is a trade secret if there is confidential information concerning the value of such customers that to act upon it is an improper use of confidential information and amounts to unfair competition, "for the additional influence of the friendly contact of the former employee with the persons whose business he would carry to his new connection brings the solicitation within the condemnation of unfair competition."

While the cases supporting the contentions of the distributor and his former employee or the person who subsequently employed such erstwhile agent announce the doctrines and their limitations urged by both contenders, the facts of

the Burdusis decision justify the application here of the rules therein announced. The findings herein disclose that during his service for respondent appellant was assigned to a particular route with the exclusive right to sell respondent's products; that a list of regular customers on such route was maintained by respondent with their business addresses and information concerning the quantity of repeated sales to each, by the use of which list any salesman could cover comparatively extensive geographical territory and make more sales than would be possible without such information. The peculiar nature of respondent's medical products and his customers' developed preferences therefor, his knowledge of the buying intervals of customers acquired by him during his ten years of business and the fact that the majority of his customers repeated their orders periodically are trade secrets, entitled to protection. The business relationship between respondent and his customers had resulted from repeated purchases by his patrons in preference to the products of competitors, and such relationship continued unless disturbed by some efficient subversive agency. By the contract of appellant's original employment his territory and routes as well as his hours of employment and the prices of the merchandise were prescribed by respondent, and the list of respondent's customers for first-aid supplies was to be the employer's property and constituted a valuable asset.

While the judgment is entitled to affirmance upon the facts above discussed, it is further fortified by evidence which warranted the inference that appellant designedly set out to pirate upon the established reputation and good will of respondent. He admitted that he was able to cover a large geographical territory within five or six weeks because of his knowledge of respondent's customers gained from his seven years of service to respondent. While operating on his own account in 1946, he caused to be manufactured first-aid supplies with appearance and label similar to those of Wallich which were calculated to deceive the latter's customers. With such supplies he traveled the routes on which he had formerly solicited customers on behalf of respondent. He sold them his own products and they believed that they were buying the merchandise of his erstwhile employer. In December, 1945, he called at the office of the Hazeltine Packing Company at San Fernando which had purchased supplies from him from 1941 to 1944. As he approached Mr. Franzwa, the buyer, the latter

said: "Are you back?" to which appellant replied: "Yes, back from the service and on the job again." In response to his inquiry as to what supplies were needed Mr. Franzwa said: "Well, you can check it up as you usually do." Appellant then entered the vault where he had always checked the supplies to ascertain the needs of the company, brought from his automobile what he determined was necessary to replenish the stock, and received from the witness cash for his invoice. Mr. Franzwa believed at the time that he was purchasing respondent's products. His illusion was soon dispelled. In four days respondent's representative called only to learn of the recent visit of appellant.

A similar experience with appellant was related by the witness Hall, purchasing agent of the Ventura Tool Company. When the witness reminded Koren that a Mr. Abell was handling the territory for respondent, appellant stated that "he had purchased that route" from Wallich who was supplying the merchandise but that he "was in business for himself." On the strength of such statements Mr. Hall purchased from Koren his needed supplies.

There is nothing to be said in extenuation of such deception as was practiced in the cited instances. For the entire course of appellant's conduct the law can offer nothing but censure. Our civilization has passed beyond the era of cutthroat competition. Not only do business men deprecate practices that deprive one's neighbor of his rights, but the ethic that abounds among upright men is to let rivals live and, if a competitor deserves success, so to act as to defeat the piracy of such advantages as he may have honorably acquired.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.