[Civ. No. 18923. First Dist., Div. Two. Nov. 23, 1960.]

CARNATION COMPANY (a Corporation), Respondent, v. JOHN M. MARCEVICH et al., Appellants.

Anthony J. Franich for Appellants.

William H. Birnie for Respondent.

DRAPER, J.—By contract, defendants became the exclusive wholesale distributors of plaintiff's milk and dairy products in the Watsonville area. After five years of operation under the contract, defendants exercised their option to terminate it. Plaintiff brought this action on the common counts to recover a balance claimed due for products theretofore delivered to defendants. Defendants answered by general denial and pleaded, by way of counterclaim, a common count for money had and received. At pretrial conference, the parties agreed that their dispute involved the prices for fluid milk charged by plaintiff under the written contract. Plaintiff contended that it had the right to fix fluid milk prices to be charged, and defendants contended that plaintiff could charge only the minimum resale prices fixed by the State Bureau of Milk Control. The pretrial order recited these contentions and the admission in evidence of the written contract of the parties.

The case was tried to the court sitting without a jury, and much extrinsic evidence was introduced by both sides as to the circumstances under which the contract was entered into and the acts of the parties under it during the five years it remained operative. The court made findings in the general language of the common counts in favor of plaintiff on the

complaint and against defendants on their counterclaim. Judgment was for plaintiff for $5,328.21. Defendants appeal.

Because we find little of substance or relevance in much of appellants' argument, it is difficult for us to summarize their contentions.

However, as we understand them, they contend that since the pretrial order recites the existence of an express contract, it supersedes the pleadings and thus requires a "finding" as to whether the price provision of the contract is ambiguous. Contending that the contract is ambiguous, they analyze the parol evidence and conclude that it compels interpretation of the price provision in their favor, thus requiring reversal of the judgment. We cannot agree.

 The pretrial rules provide only that the pretrial conference order, "where inconsistent with the pleadings, controls the subsequent course of the case" (Rules for the Superior Courts, rule 8.8). There is no such inconsistency here. The contract had been fully performed by plaintiff and nothing remained to be done under it except the payment of money. Thus plaintiff could declare generally upon the common count (*Castagnino* v. *Balletta*, 82 Cal. 250, 258 [23 P. 127]; *Lucy* v. *Lucy*, 22 Cal.App.2d 629, 632 [71 P.2d 949]) or could join such count with one upon the express contract, without being compelled to elect between them (*Haggerty* v. *Warner*, 115 Cal.App.2d 468, 474 [252 P.2d 373]; *Sessions* v. *Pacific Improvement Co.*, 57 Cal.App. 1, 27 [206 P. 653]). Thus the complaint, which pleads the common count, is completely consistent with the pretrial order, which recites the existence of an express contract.

Even if the action be deemed one upon the express contract, appellants' contention is not aided. Whether the contract is ambiguous on its face, so as to warrant parol evidence, is a question of law, and not of fact. Thus no "finding" as to ambiguity is required (*Wheeler* v. *Board of Medical Examiners*, 98 Cal.App. 267 [276 P. 1119]).

Nor are the findings deficient because they fail to deal with details of the parol evidence introduced. The findings here are in the general language of the complaint, a permissible procedure (*Voss* v. *Friedgen,* 141 Cal.App.2d 135, 136 [296 P.2d 424]). If any subsidiary findings be required, which we doubt, they may be implied from the general findings (*New* v. *New,* 148 Cal.App.2d 372, 388 [306 P.2d 987]; 2 Witkin, California Procedure, p. 1850). The findings thus support the judgment.

The only remaining question is whether the evidence, even assuming ambiguity of the contract's price provision, supports the implied finding that plaintiff had the right to charge defendants more than the state minimum price for fluid milk. There is testimony that the custom of the trade generally was that distributors such as plaintiff charged more than the state-fixed minimum, except where competitive conditions, not shown to exist here, required otherwise. There is no direct contradiction of defendants' testimony that plaintiff's representative, just before the contract was signed, stated that the fluid milk price to defendants would be the state minimum. But the trial court was not required to accept this testimony as true (*Hicks* v. *Reis,* 21 Cal.2d 654, 659-660 [134 P.2d 788]). The manner in which the witness testified, the character of his testimony, or his motives may be considered by that court in determining his credibility (Code Civ. Proc., § 1847). Defendants concede that they raised no question as to prices charged them for the first four years of operation under the contract. They contend that they did not know that they were being charged more than the state minimum during this period. But there is testimony that from time to time during the life of the contract they received lists stating the prices charged to them and that they also received statements of the state-fixed minimum prices. Thus there is evidence, extrinsic to the contract, to sustain the trial court's determination that the agreement permitted plaintiff to charge more than the state-fixed minimum price. As an appellate court, we do not weigh the evidence.

Appellants do not even remotely suggest that the agreement on its face requires their construction. Rather, they urge only that it is ambiguous and that the parol evidence compels the construction they seek. Since the extrinsic evidence is sufficient to support the determination made by the trial court, it is unnecessary for us to determine whether the contract is in truth ambiguous.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.