KAUFMAN, P. J.
 

 This is an appeal by Sydney Hickman, a former employee of the respondent, Peerless Oakland Laundry Company, from a judgment enjoining him from soliciting and diverting the business of certain former customers of Peerless.
 

 As grounds for reversal, the appellant contends that: (1) In the absence of an express enforceable contract, equity will not enjoin a former employee from competing fairly; (2) there is no evidence that his competition was unfair; (3) the evidence is insufficient to bring the case within the scope of the ‘1 delivery route’’’ cases; and, finally, (4) the respondent is not entitled to equitable relief, as respondent, did not come
 
 *558
 
 into court with, “clean hands.” There is no merit in any of these contentions.
 

 The trial court found that since 1930, respondent had been in the laundry and linen supply business in Oaldand which consisted of supplying linen products to various customers at various intervals; that respondent established valued and extensive trade in this business and had acquired a large number of customers, including restaurants, taverns, doctors, dentists and barber shops; that respondent regularly provided these customers with their linen product requirements by the establishment of various routes and delivery of products on scheduled days; that the customers of a linen supply business ordinarily patronize one concern and ordinarily obtain their linen supply requirements from one supplier and that the business relationship is such that it will normally continue until interfered with.
 

 The court further found that in 1952, appellant was employed by the respondent as linen route supervisor and linen sales manager; that in the course of his employment, appellant acquired knowledge of the names and addresses of all of the respondent’s customers, as well as their requirements, peculiar likes and dislikes, and the degree of difficulty in meeting their requirements. Appellant also had access to records which indicated the route number, date of service and quantity of supplies required by each customer. As a part of appellant’s duties consisted of soliciting new customers for the respondent, directing respondent’s drivers and other employees, supervising the delivery and pick-ups, establishing and maintaining various routes and receiving and adjusting the complaints of the customers, appellant developed friendly contacts with the customers of Peerless. The court found all this information relating to the respondent’s customers was confidential and a trade secret.
 

 Appellant left Peerless in October 1957, and in January 1960, established his own linen supply business under the name of Parisian Linen & Industrial Supply. Thereafter, the appellant called on various former customers of Peerless, solicited their patronage and advised them he was in business for himself and would appreciate their patronage. The customers solicited by the appellant had long been customers of Peerless, some for over 20 years. The court found that the appellant solicited these customers with intent of obtaining their patronage for himself and with the intent that these customers would cease patronizing Peerless and permanently
 
 *559
 
 enjoined the appellant from soliciting, diverting and taking away any customers of Peerless, the knowledge of whom appellant had obtained while he was employed by Peerless.
 

 As to the first contention, the rule is that in the absence of an enforceable contract containing covenants to the contrary, equity will not enjoin a former employee from soliciting business from his former employers provided
 
 such competition is fairly and legally conducted (Continental Car-Na-Var Corp.
 
 v.
 
 Moseley,
 
 24 Cal.2d 104, 110 [148 P.2d 9]). Under this rule, the question then is whether the appellant was guilty of unfair competition in soliciting the customers of respondent for business in competition with the latter. It is the law that equity will intervene to restrain an employee from divulging confidential information gained in the course of his employment or using such information to his employer’s prejudice
 
 (Pasadena Ice Co.
 
 v.
 
 Reeder,
 
 206 Cal. 697, 702 [275 P. 944, 276 P. 995]). The courts regard as unfair competition, and will enjoin, the use by an employee to the prejudice of his former employer of the confidential information gained by the employee during his prior employment as to the business secrets of such employer. Whether or not equity will enjoin former employees from using information acquired while in such employ to the disadvantage of the former employer depends on whether or not in a given case, the information gained is secret and confidential. If it is, a former employee may not use it as the confidential information is the property of the employer
 
 (Ungar Electric Tools, Inc.
 
 v.
 
 Sid Ungar Co., Inc.,
 
 192 Cal.App.2d 398 [13 Cal.Rptr. 268];
 
 Mathews Paint Co.
 
 v.
 
 Seaside Paint Co.,
 
 148 Cal.App.2d 168 [306 P.2d 113];
 
 California Intelligence Bureau
 
 v.
 
 Cunningham,
 
 83 Cal.App.2d 197 [188 P.2d 303]).
 

 The reason the courts will issue injunctions to guard against such activities as are disclosed in this record, is to enforce increasingly high standards of fairness or commercial morality in trade
 
 (Ungar Electric Tools, Inc.
 
 v.
 
 Sid Ungar Co., Inc., supra).
 
 Appellant, citing
 
 Mathews Paint Co.
 
 v.
 
 Seaside Paint Co., supra,
 
 argues he was merely selling to former customers whose names and nature of business were readily visible or available in any directory.
 

 We think the evidence disclosed the use of confidential information by the appellant. While the mere identity of the customers may not be considered confidential
 
 (Fortna
 
 v.
 
 Martin,
 
 158 Cal.App.2d 634 [323 P.2d 146]), it may become such if it contains additional and confidential
 
 *560
 
 information about the customers
 
 (Western Electro-Plating Co.
 
 v.
 
 Henness,
 
 180 Cal.App.2d 442 [4 Cal.Rptr. 434];
 
 Reid
 
 v.
 
 Mass Co., Inc.,
 
 155 Cal.App.2d 293 [318 P.2d 54]).
 

 Appellant himself admitted the confidential nature of the information obtained concerning the particular likes and dislikes and needs of the various customers because of his position as the manager of the linen supply service. This is the very kind of information which so often spells the difference between success and failure in a business based on service
 
 (Ingrassia
 
 v.
 
 Bailey,
 
 172 Cal.App.2d 117 [341 P.2d 370]). Furthermore, the appellant, as a part of his duties of supervising the delivery routes and receiving and adjusting complaints, had many personal contacts with customers and established friendly relations with them. It is this personal acquaintance and additional influence of the friendship developed during his employment with Peerless which makes solicitation of former customers by appellant so unfair to his former employer
 
 (Western Electro-Plating Co.
 
 v.
 
 Henness, supra; George
 
 v.
 
 Burdusis,
 
 21 Cal.2d 153 [130 P.2d 399]). Appellant admitted that it was through his employment by Peerless that he became acquainted with some of the customers he solicited for his own business.
 

 Appellant argues that the evidence is insufficient to bring the present case within the scope of the “delivery route” cases and that the evidence is also insufficient to meet the fine conditions laid down in such eases as
 
 Paraco, Inc.
 
 v.
 
 Owens,
 
 166 Cal.App.2d 777 [333 P.2d 360] and
 
 Aetna Bldg. Maintenance Co.
 
 v.
 
 West,
 
 39 Cal.2d 198 [246 P.2d 11], that an employer seeking injunctive relief against a former employee must show: (1) the information was confidential and not réadily accessible to competitors; (2) the former employee solicited the customers with intent to injure his former employer; (3) the former employee sought out certain preferred customers whose trade is profitable and whose identities are not generally known to the trade; (4) the business is such that a customer will patronize only one concern; (5) the established business relationship between the customer and former employer would normally continue unless interfered with.
 

 A reading of the transcript reveals that the trial court’s findings of fact as to each of the above requirements are amply supported by evidence which, we believe, renders all of appellant ’s arguments on the facts valueless. Appellant also contends that the strict application of the rule of the ‘1 delivery
 
 *561
 
 route" eases is no longer the law in this state. We agree, but note that the trial court here appropriately limited the injunction to customers of whom appellant obtained knowledge while employed by Peerless.
 

 Finally, appellant contends that the respondent did not come into court with clean hands because Peerless is a member of a trade association which existed for the purpose of eliminating competition in violation of the Cartwright Act (Bus. & Prof. Code, §§ 16700, 16758). However, the trial court implicitly found against the appellant on this point and apparently appellant also did not request specific findings on that issue (Code Civ. Proc., § 634;
 
 Carnation Co.
 
 v.
 
 Marcevich,
 
 186 Cal.App.2d 618, 620 [9 Cal.Rptr. 80]).
 

 Judgment affirmed.
 

 Shoemaker, J., and Agee, J., concurred.