[Civ. No. 7422. Fourth Dist. Mar. 25, 1964.]

LYLE WHITTED, Plaintiff and Respondent, v. JOE E. WILLIAMS et al., Defendants and Appellants.

Jack B. Tenney, Cecil W. Collins and Matthew E. Hennes for Defendants and Appellants.

Whitelaw & Whitelaw, R. B. Whitelaw and Russell H. Yeager for Plaintiff and Respondent.

COUGHLIN, J.—This is an appeal from a judgment in favor of the operator of an ice distribution business, the plaintiff and respondent herein, enjoining a former employee, the defendant and appellant Williams, and his current employer, the defendant and appellant Hillock, from soliciting the plaintiff's customers who formerly were serviced by the defendant employee.

The plaintiff had been in the ice distribution business in Imperial County for approximately 15 years; acquired his present business in 1954; in the latter year leased an ice dock which is in Brawley, and purchased an ice route; thereafter purchased another route which was consolidated with the former; *in toto* served an area including Brawley, Calipatria, Mecca and Niland; sold ice to customers at his storage dock; and delivered ice to other customers at their places of business located upon the subject route, upon whom regular calls were made. The customers in question had purchased ice from the plaintiff for many years; did not purchase ice from any other distributor; in the main, were operators of service stations, restaurants, labor camps, and farm associations, and also included a city and an irrigation district.

The defendant Williams was employed by the plaintiff for approximately five years, *viz.,* during the period 1956-1961; attended customers at the dock; was the route man making deliveries to customers on the consolidated route; left the plaintiff's employ in November 1961; thereupon became a social security recipient and, in 1962, was employed by the defendant Hillock, in a competing ice distribution business.

In the course of his employment by plaintiff as a route man, the defendant Williams became acquainted with the customers on the route and learned their names and addresses; the location of their ice storage facilities; the price charged for ice delivered to them; whether they paid cash or received credit; the credit stability of those customers who did not pay cash; the particular needs of each customer, both with respect to the size of the ice blocks and the total amount of ice to be delivered; the variance in the individual customer's needs at the different times of the year; the particular needs of those customers operating labor camps, as those needs were related to the number of laborers being hired and supplied with ice at different periods of the year; the approximate total amount of ice delivered each day in the area; and the approximate gross sales to be made. The knowledge thus acquired was valuable to the successful operation of the particular business because of the necessity of avoiding du-

plicate deliveries upon a route covering a large area in a warm-weather county; the loss occasioned by carrying more ice than the customers' deliveries required, due to deterioration and the breakage hazard incident to loading and unloading unused ice; the fact that the ability to satisfactorily fill the need of each customer was related to the type of his storage facilities; the further fact that ice kept in storage for too long a period of time degenerates in quality, resulting in a condition known as "honeycombing"; the consequent necessity of selecting ice blocks of a size and in an amount to prevent such a condition; and the need to use this knowledge in determining the amount of a profitable markup on the sale of ice under these conditions.

Some of the customers purchasing ice at the dock did so on credit. A type of customer list was made from sales slips evidencing these transactions. The defendant Williams had access to these sales slips and became acquainted with the credit status of the customers who purchased their ice in this manner.

The defendant Hillock is the daughter of the defendant Williams; has resided in the subject area for many years; started a competing ice distribution business in April 1962; had no previous experience in this type of business; purchased her ice from a company located in Holtville, which is 15 miles from Brawley; employed her father to assist her; in soliciting business from the plaintiff's customers offered to sell them ice at a price less than they had been paying; and obtained business from these customers.

The foregoing statement of facts is a composite from the findings and evidence in the case. At the request of the defendants, the trial court made special findings (1) that the names, businesses and addresses of the plaintiff's customers were not secret, but could be found in telephone directories and other publications open to the general public; (2) that these customers did not keep secret or confidential the fact that they used ice, nor did they publicize that fact; and (3) that the customers in question did not keep their ice needs secret or confidential, nor did they publicize that fact. On the other hand, the court found that the information acquired by the defendant Williams in the course of his employment by the plaintiff with regard to the buying habits of the latter's customers, their needs, the methods of fulfilling those needs, and the business procedures incident to the profitable management of the plaintiff's ice route, was secret and confiden-

tial. In addition, the court found that the secret and confidential information thus acquired by the defendant Williams, was furnished to and used by his daughter in her competing ice distribution business; that said defendant and his daughter solicited as customers for the latter business those who previously had been regular customers of the plaintiff for a long time; and that, as a result of this solicitation, these customers were persuaded to terminate their business relationship with the plaintiff and become customers of the daughter's competing business.

The judgment herein enjoins each of the defendants from soliciting business "from any of the persons, companies, corporations or other legal entities who were customers of the plaintiff in either an on-sale or off-sale basis (*viz.*, on the route or at the dock, respectively,) on November 1, 1961 in the Brawley or Calipatria area"; and also enjoins each of them from "receiving or accepting further business from any and all of those customers of plaintiff who the defendants have already solicited."

The defendants contend the judgment should be reversed because it is against law, i.e., is not supported by the findings; is excessive in scope; and the court erred in refusing to accept evidence on the issue of unclean hands.

The principles of law applicable to the issues thus raised are well settled in California. The questions for determination on this appeal involve an application of those principles to the facts at hand.

As a general rule "after an employee who worked on a retail delivery route has left the service of his employer, his use of the customer list to solicit business for another person is an unwarranted disclosure of trade secrets." (*George* v. *Burdusis,* 21 Cal.2d 153, 159 [130 P.2d 399]; *Gloria Ice Cream etc. Co.* v. *Cowan,* 2 Cal.2d 460, 463-464 [41 P.2d 340]; *Dairy Dale Co.* v. *Azevedo,* 211 Cal. 344, 345 [295 P. 10]; *Pasadena Ice Co.* v. *Reeder,* 206 Cal. 697, 704 [275 P. 944, 276 P. 995]; *Peerless Oakland Laundry Co.* v. *Hickman,* 205 Cal.App.2d 556, 559-560 [23 Cal.Rptr. 105]; *Wallich* v. *Koren,* 80 Cal.App.2d 223, 225 [181 P.2d 682]; *Santa Monica Ice etc. Co.* v. *Rossier,* 42 Cal.App.2d 467, 471 [109 P.2d 382].) A customer list may exist in the memory of the employee as well as in writing. (*George* v. *Burdusis, supra,* 21 Cal.2d 153, 160.) An exception to this rule exists in some instances where the names and addresses of the customers are few in number, or are easily available. (*George* v. *Burdusis, supra,* 21 Cal.2d 153, 159; *Scavengers Protective Assn.* v.

*Serv-U-Garbage Co.*, 218 Cal. 568, 571 [24 P.2d 489].)

Even where the customer list, as such, is not protected as a trade secret, if the former employment was of such a nature that by virtue thereof the former employee obtained information respecting the customers contacted in the course of that employment which would enable him more easily to secure or retain the business of his former employer, the list of customers may be protected as a trade secret, and the former employee will be restrained from using or disclosing the information thus acquired in a competing business. (*Aetna Bldg. Maintenance Co.* v. *West*, 39 Cal.2d 198, 204, 205 [246 P.2d 11]; *George* v. *Burdusis, supra*, 21 Cal.2d 153, 160; *Scavengers Protective Assn.* v. *Serv-U-Garbage Co., supra*, 218 Cal. 568, 572; *Pasadena Ice Co.* v. *Reeder, supra*, 206 Cal. 697, 704; *Peerless Oakland Laundry Co.* v. *Hickman, supra*, 205 Cal.App.2d 556, 559-560; *Alex Foods, Inc.* v. *Metcalfe*, 137 Cal.App.2d 415, 427 [290 P.2d 646].)

That part of the judgment restraining the defendant Williams from soliciting the route customers of his former employer properly applies the principles of law heretofore stated to the facts of this case. The special finding that the names, businesses, and addresses of those customers were not secret is of no consequence in view of the confidential nature of other information acquired by this defendant in the course of his employment as a delivery route employee. (*Gloria Ice Cream etc. Co.* v. *Cowan, supra*, 2 Cal.2d 460, 464.) The evidence shows that he had been servicing the customers on the subject route for five years and supports an inference, implied in the finding of facts as made, that he had developed a friendly contact with those customers and used that contact to further the business interests of his subsequent employer. (*Western Electro-Plating Co.* v. *Henness*, 180 Cal.App.2d 442, 449 [4 Cal.Rptr. 434].) The use of that status to the detriment of his former employer was unfair. (*George* v. *Burdusis, supra*, 21 Cal.2d 153, 161, 163; *Dairy Dale Co.* v. *Azevedo, supra*, 211 Cal. 344, 345.) The evidence also shows that the information he acquired with respect to the buying habits of those customers, their needs, and the methods of fulfilling those needs, which was basic to the operation of a profitable business, was a trade secret within the principles of law heretofore noted. (*Aetna Bldg. Maintenance Co.* v. *West, supra*, 39 Cal.2d 198, 205; *Dairy Dale Co.* v. *Azevedo, supra*, 211 Cal. 344, 345; *Scavengers Protective Assn.* v. *Serv-U-Garbage Co., supra*,

218 Cal. 568, 572-573; *Pasadena Ice Co.* v. *Reeder, supra,* 206 Cal. 697, 704; *Peerless Oakland Laundry Co.* v. *Hickman, supra,* 205 Cal.App.2d 556, 558, 560.)

The defendants argue that the facts as found by the court do not fulfill the requirements of the rule governing the "trade route" cases as stated in *Aetna Bldg. Maintenance Co.* v. *West, supra,* 39 Cal.2d 198, 204, which is a restatement of a summarization of factors declared existent in that group of cases by the court in *California Intelligence Bureau* v. *Cunningham,* 83 Cal.App.2d 197, 202 [188 P.2d 303]. This summarization has been referred to as "a guide in the determination of what constitutes unfair competition by a former employee. ..." (*Reid* v. *Mass Co., Inc.* 155 Cal.App.2d 293, 301 [318 P.2d 54].)

However, we need not determine whether the findings of fact in the case at bar include all of the factors within the summarization in question because, insofar as the judgment restrains the defendant Williams from soliciting customers on his former retail delivery route, it is supported in full measure by the decisions in the cases heretofore noted. With respect to those customers the case at bar presents a typical "trade route" situation.

The defendants' contention that the court erred in refusing to permit the admission of proffered evidence with respect to the issue of unclean hands is without merit. The evidence in question purportedly would have shown that the plaintiff had not obtained business licenses to distribute ice in some of the cities covered by his delivery route. The failure of the plaintiff to obtain such licenses in no way affected the equitable relations between the parties to the instant case; is immaterial to a determination of the equities in this case; and, for this reason, evidence with respect thereto was inadmissible under the unclean hands theory. (*Germo Mfg. Co.* v. *McClellan,* 107 Cal.App. 532, 541 [290 P. 534].)

However, insofar as the judgment restrains the defendant Williams from soliciting the customers who formerly purchased ice from the plaintiff at the latter's dock in Brawley, no typical "trade route" factors are involved. During the course of his employment Williams ascertained the names and addresses of the customers at the dock, which the court found were not secret nor confidential. Anyone standing at the dock could find out who bought ice there. As a consequence, unless the contacts with those customers afforded Williams by his employment furnished him with information which would enable him to secure and retain

them for a subsequent employer, no trade secret was involved. The only information received by him in the course of his former employment, with respect to these customers, was that concerning their credit status. However, such information was easily ascertainable from other sources and, under the circumstances of this case, did not constitute a trade secret. The situation presented by the dock sales customers in question is governed by the decisions in *Aetna Bldg. Maintenance Co.* v. *West, supra,* 39 Cal.2d 198, 204; *Continental Car-Na-Var Corp.* v. *Moseley,* 24 Cal.2d 104, 108, 112 [148 P.2d 9]; *Mathews Paint Co.* v. *Seaside Paint etc. Co.,* 148 Cal.App.2d 168, 174 [306 P.2d 113]; *Avocado Sales Co.* v. *Wyse,* 122 Cal.App. 627 [10 P.2d 485], which refused to enjoin the solicitation by an employee of the customers of his former employer.

The scope of the judgment as applied to the subject "trade route" situation exceeds that authorized by law. The defendants' contention in this regard is well taken. Both of them are enjoined from soliciting ice business from any person who was a customer of the plaintiff, and from receiving or accepting further business from any of those customers whom the defendants already have solicited. Under such an injunction the defendant Hillock is enjoined from soliciting any of the plaintiff's customers even though her solicitation does not involve the use of a trade secret. ▮ The mere fact that the defendant Williams is now in her employ does not foreclose her solicitation of the plaintiff's customers providing it is not prompted or aided by any information furnished to her by Williams which was a trade secret obtained by him in the course of his former employment. ▮ Where trade secrets obtained by a former employee are not used by him, or his subsequent employer, in the solicitation of business for the latter, no ground for an injunction exists. (*Continental Car-Na-Var Corp.* v. *Moseley, supra,* 24 Cal.2d 104, 112; *Scavengers Protective Assn.* v. *Serv-U-Garbage Co., supra,* 218 Cal. 568, 571.) For this reason the solicitation provision of the injunction was too broad. For like reason the provision thereof enjoining receipt or acceptance of further business from all customers of the plaintiff solicited by either of the defendants is too broad. The receipt or acceptance of further business by the defendant Hillock from former customers of the plaintiff who were not solicited or are not retained through the use of the subject trade secrets, may not be enjoined.

The judgment is affirmed insofar as it applies to the "trade route" customers of the plaintiff solicited by the defendant Hillock, her servants, agents or employees, with knowledge of the trade secrets referred to in this opinion; by the defendant Hillock and the defendant Williams jointly; or by the defendant Williams, alone. In all other respects the judgment is reversed with instructions to the trial court to take whatever further proceedings it may deem appropriate and enter a judgment in harmony with the views expressed in this opinion. Neither party to recover costs on appeal.

Griffin, P. J., and Brown (Gerald) J., concurred.