[No. 13079.    In Bank. — November 29, 1892.]

# THE VULCAN POWDER COMPANY, APPELLANT, *v.* THE HERCULES POWDER COMPANY ET AL., RESPONDENTS.

CONTRACTS — VALIDITY — PUBLIC POLICY — RESTRAINT OF TRADE. — A contract in restraint of trade, otherwise than as expressly excepted in sections 1674 and 1675 of the Civil Code, is against public policy, and void by the terms of section 1673 of the same code.

ID. — BUSINESS COMBINATION OF POWDER COMPANIES — RESTRICTION OF SALE OF DYNAMITE. — A contract for a term of three years, between several powder companies, providing that neither of the parties thereto shall make any shipment of dynamite powder to any part of the United States east of certain boundaries, and regulating the manufacture and sale of it by the parties in the territory west of those boundaries, under certain specified restrictions, and giving power to a standing committee to fix prices, regulate the manufacturing cost, and impose fines for violations of the contract, and providing for a termination of the contract if any other party or parties shall begin to manufacture and sell dynamite in competition with the parties to the contract, is in restraint of trade, and void as against public policy.

ID. — CONTRACT DEALING WITH PATENT RIGHTS — BUSINESS COMBINATION — CONTROL OF MANUFACTURE AND SALE. — A trader may sell a patent right, and protect his assignee by an agreement to refrain from any acts which would lessen its value, and neither to use the patent nor to interfere in any way with the profit to be derived from it; but several persons or companies cannot legally enter into a business combination to control the manufacture or sale or price of a staple of commerce, merely because some of the contracting parties have letters patent for certain grades of that staple.

ID. — PATENTS FOR MAKING DYNAMITE — COMBINATION TO CONTROL DYNAMITE GENERALLY. — The fact that certain of the parties to a contract providing for the restriction of the sale of dynamite powder were the owners of letters patent for invention of methods or processes for making dynamite does not render the contract valid, where it is not confined to dynamite produced under the processes of the named patents, but refers to dynamite generally, and recognizes the probability of other persons, not having the patents named, entering into the business of making and selling the same commodity.

ID. — ACTION FOR ACCOUNTING — MEANS OF PROMOTING ILLEGAL CONTRACT. — No action will lie in favor of one of the parties to such contract to compel the other parties to allow an examination of their books and papers, and for a judgment for such sum as may be found due, under a complaint alleging that the defendants have made false reports of the amount of dynamite sold, and have refused an examination of the books, etc., the provisions of the contract sought to be enforced by the action being the very means established by the parties to the contract for the purpose of making sure their illegal agreements.

ID. — ACTION NOT ALLOWABLE UPON ILLEGAL CONTRACT — MAXIM. — No cause of action can arise out of an illegal contract; and the court will leave the parties to such contract exactly where it finds them, under the rule expressed in the maxim, *Ex turpi causa non oritur actio.*

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*T. C. Van Ness,* and *L. A. Redman,* for Appellant.

The principle that contracts in restraint of trade are void has no application to patent rights and agreements in relation thereto. (1 Wharton on Contracts, sec. 436; *Morse Twist Drill etc. Co. v. Morse,* 103 Mass. 73; 4 Am. Rep. 513; *Taylor v. Blanchard,* 13 Allen, 370; 90 Am. Dec. 203; *Stearns v. Barrett,* 1 Pick. 443; 11 Am. Dec. 223; *Mackinnon Pen Co. v. Fountain Ink Co.,* 16 Jones & S. 447; *Jarvis v. Peck,* 10 Paige, 118.) If the rule in regard to contracts in restraint of trade is applicable, the contract is nevertheless valid. (*Diamond Match Co. v. Roeber,* 106 N. Y. 473; 60 Am. Rep. 464; *Hodge v. Sloan,* 107 N. Y. 244; 1 Am. St. Rep. 816; *Chappel v. Brockway,* 21 Wend. 157; *Ross v. Sadgbeer,* 21 Wend. 166; *Angier v. Webber,* 92 Am. Dec. 753, note; *Hubbard v. Miller,* 27 Mich. 15; 15 Am. Rep. 153; *Printing etc. Co. v. Sampson,* L. R. 19 Eq. 462; *Leather Cloth Co. v. Lorsont,* L. R. 9 Eq. 345; *Morse Twist Drill etc. Co. v. Morse,* 103 Mass. 73; 4 Am. Rep. 513; *Oregon Steam Nav. Co. v. Winsor,* 20 Wall. 64; *Central Shade Roller Co. v. Cushman,* 143 Mass. 353; *Dolph v. Troy Laundry etc. Co.,* 28 Fed. Rep. 553; *California Steam Nav. Co. v. Wright,* 6 Cal. 258; 65 Am. Dec. 511; *Callahan v. Donnolly,* 45 Cal. 152; 13 Am. Rep. 172; *Leslie v. Lorillard,* 110 N. Y. 519; *Gibbs v. Cons. Gas Co.,* 130 U. S. 409; *Fowle v. Park,* 131 U. S. 88; *Wright v. Ryder,* 36 Cal. 342; 95 Am. Dec. 186; *Schwalm v. Holmes,* 49 Cal. 665.) The agreement is not a conspiracy against the public. (*Leslie v. Lorillard,* 110 N. Y. 519; *Central Shade Roller Co. v. Cushman,* 143 Mass. 353.) Even if the contract is void, the action can be maintained.

(*Western Union Tel. Co.* v. *Burlington etc. R. R. Co.*, 11 Fed. Rep. 1; *Planters' Bank* v. *Union Bank*, 16 Wall. 483; *McBlair* v. *Gibbs*, 17 How. 232; *Brooks* v. *Martin*, 2 Wall. 70; *Gregory* v. *Wilson*, 36 N. J. L. 315; 13 Am. Rep. 448.)

*Pillsbury, Blanding & Hayne,* for Respondents.

The recital that each of the parties to the agreement owned patents was false, and there was therefore no consideration passing from the plaintiff to support the agreement. *(Chaplin* v. *Brown,* 48 N. W. Rep. 1074.) The contract is in restraint of trade, and is therefore void. (*People* v. *North River Sugar etc. Co.*, 7 N. Y. Sup. Ct. 406; *Morris Run Coal Co.* v. *Barclay Coal Co.*, 68 Pa. St. 173, 186; *Arnot* v. *Pittston etc. Canal Co.*, 68 N. Y. 558, 565; 23 Am. Rep. 190; *Central Ohio Salt Co.* v. *Guthrie,* 35 Ohio St. 666; *Craft* v. *McConoughy,* 79 Ill. 346; 22 Am. Rep. 171; *Santa Clara Valley Mill etc. Co.* v. *Hayes,* 76 Cal. 387; 9 Am. St. Rep. 211; *Pacific Factor Co.* v. *Adler,* 90 Cal. 110; *Horner* v. *Graves,* 7 Bing. 743; *Emery* v. *Ohio Candle Co.,* 21 Am. St. Rep. 819; *Richardson* v. *Buhl,* 77 Mich. 632; *Anderson* v. *Jett,* 89 Ky. 375; *Western Woodenware Ass'n* v. *Starkey,* 84 Mich. 76; 22 Am. St. Rep. 686; Civ. Code, sec. 1673.) The contract being illegal, no accounting can be had thereunder. (*Gregory* v. *Wilson,* 36 N. J. L. 315; 13 Am. Rep. 451; *Brooks* v. *Martin,* 2 Wall. 79; *Beard* v. *Beard,* 65 Cal. 356; *Mitchell* v. *Cline,* 84 Cal. 409; *Samuels* v. *Oliver,* 130 Ill. 85; *P. C. Co.* v. *McMillin,* 119 N. Y. 53; *Richardson* v. *Buhl,* 77 Mich. 632; *Emery* v. *Ohio Candle Co.,* 47 Ohio St. 320; *Craft* v. *McConoughy,* 79 Ill. 350; 22 Am. Rep. 171; *People* v. *North River Sugar etc. Co.,* 7 N. Y. Sup. Ct. 406.)

McFarland, J. — On June 2, 1884, a written contract was entered into by and between the Giant Powder Company, party of the first part, the California Powder Works, party of the second part, and the Safety Nitro Powder Company, the Vulcan Powder Company, and the California Vigorit Powder Company, parties of the third part, all corporations existing under the laws of

this state. The contract was about the manufacture and sale of nitro-glycerine powders, called dynamite. This action was brought by the said Vulcan Powder Company, one of said parties of the third part, against all of the other parties, to enforce certain parts of said contract. The defendant the California Powder Works demurred to the complaint, upon the ground, among others, that the contract was in restraint of trade, and therefore against public policy and void. The demurrer was sustained by the trial court, and judgment rendered in favor of said defendant. Plaintiff appeals from the judgment.

At common law, originally, all contracts which in any degree tended to the restraint of trade were void; but afterwards the rule was relaxed so as to countenance contracts for the partial restraint of trade,—that is, contracts in which the restraint was confined to reasonable limits of time or place, and which were founded upon sufficient consideration, etc. (Quite a full statement of the rule at common law is to be found in *Wright* v. *Ryder*, 36 Cal. 356; 95 Am. Dec. 186.) The rule, however, was uncertain, and led to much perplexing legislation; and the law upon the subject in this state is now declared in section 1673 of the Civil Code. That section is as follows: " Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent void." The next two sections merely provide that one who sells the good-will of a business may agree not to carry on a similar business within a specified county or city; and that, in anticipation of a dissolution of a partnership, a partner may agree not to carry on a similar business within the city or town where the partnership business is transacted. Neither of these two exceptions apply to the case at bar; and if the contract here sued on is obnoxious to said section 1673, then the demurrer was properly sustained, and the judgment should be affirmed.

Passing, for the present, a point of appellant based

XCVI. CAL.—33

upon certain patent rights, it is clear that the contract is in restraint of trade and void.  It is quite long; but for the purposes of the question now before us, it is necessary to notice only some of its provisions.

The contract, which is for a term of three years, provides that neither of the parties thereto shall make any shipment of dynamite to any part of the United States lying east of the eastern boundaries of Montana, Wyoming, Colorado, and New Mexico.  With respect to the territories lying west of said boundaries, it provides that "except under the provisions of this instrument, none of the parties hereto shall be or become interested, directly or indirectly, in the manufacture or sale of dynamite powder."  It provides that each party shall sell only a certain per cent "of the aggregate quantity of dynamite sold by all the parties hereto,"— the per cent to be sold by some of the parties being larger than that allowed to be sold by others; and that "when any party shall exceed the said proportion, the party selling the excess, as ascertained by the quarterly statement hereinafter more particularly referred to, shall pay over to the other parties the profits on such excess."  It provides that the profits on such excess shall be ascertained by a standing committee, to whom each party shall make quarterly reports, by computing the difference between the "manufacturing cost" of such excess — said cost to be fixed by said committee — and the average price realized by all the parties.  It provides that said standing committee "shall have power to fix the prices at which dynamite shall be sold in the states and territories embraced within the agreement," and that "these prices shall be known as the selling prices, and upon them all the parties hereto shall be required to settle with the standing committee."  It provides that the prices and the "manufacturing cost" may be "changed, at the discretion of the standing committee"; that each party shall account to said committee for all dynamite sold; and that said committee may impose fines on any party violating the contract, and may exercise other

powers, not necessary to be here mentioned. And it provides that the contract may be terminated at any time, if "*other party or parties* shall begin the manufacturing and selling dynamite within the territory named, in *competition* to the parties hereto."

The above-stated provisions of the contract are clearly in restraint of trade and against public policy; and this conclusion is too obvious to need argument, authorities, or elucidation.

2. Appellant contends that the principle that contracts in restraint of trade are void does not apply to the contract here sued on, because it deals with certain patent rights.

The facts on which this point is based are these: It appears from the contract that three of the contracting parties were the owners of certain letters patent for invention of methods or processes for making dynamite. The other two parties, viz., the plaintiff herein and the Vigorit Powder Company, did not have any such patent. There is a good deal of recitation in the contract about these patents, and mention is made of an " interchange of rights " under them. It is recited that the parties are desirous of being released from all claims for any infringement, " real or alleged," of said patents, and of obtaining license from each other to manufacture under said patents; and " in consideration of the premises, and of certain valuable considerations " (not stated), they enter into the contract. As the plaintiff and the Vigorit company had no patent, it is obvious that the consideration moving from them was their covenant to refrain from competition in the dynamite business, and that they had no patent rights to " interchange."

In some text-books and decisions, it has been stated, generally, that the rule about contracts in restraint of trade being void does not apply to patent rights; but as applied in the adjudicated cases, it means only that a trader may sell a patent right, or a secret in his trade or art, and restrain himself generally from the use of it, or from other acts which would lessen the value of the

patent sold. And, of course, as a patent is a sort of monopoly, the owner may manufacture under it, or not, as he pleases, and may make either a partial or entire assignment of it, and may protect his assignee, not only by an agreement not to use the patent (which would be unnecessary, because such use would be an infringement), but by a covenant not to interfere in any way with the profits to be derived from the assigned patent. The cases cited by appellant (*Morse Twist Drill etc. Co.* v. *Morse*, 103 Mass. 73; 4 Am. Rep. 513; *Taylor* v. *Blanchard*, 13 Allen, 370; 90 Am. Dec. 203; *Stearns* v. *Barrett*, 1 Pick. 443; 11 Am. Dec. 223; *Mackinnon Pen Co.* v. *Fountain Ink Co.*, 16 Jones & S. 447; *Jarvis* v. *Peck*, 10 Paige, 118) go no further than this. Indeed, most of those cases go upon the old rule, that there may be a contract in partial restraint of trade, independent of the right of the patentee, and upon the principle applied in said section 1673 of our code to the sale of the good-will of a business. But no case has been cited in which it has been held that several persons or companies can legally enter into a business combination to control the manufacture, or sale, or price of a staple of commerce merely because some of the contracting parties have letters patent for certain grades of that staple. Indeed, the contract before us is not confined to dynamite produced under the processes of the named patents. It speaks, in places, of "dynamite" generally, and provides that the contract may be terminated if "other party or parties shall begin the business of manufacturing and selling *dynamite* within the territory named, in competition to the parties hereto," —thus recognizing the probability of other persons, not having the patents named, entering into the business of making and selling the very commodity that is the subject of the contract.

3. Appellant contends that even though the contract be void, still this action can be maintained.

The contract provides that each of the parties shall make periodical verified reports to the standing committee of the amount of dynamite sold by it, and that each

party shall have the right to make quarterly examinations of the books of account, papers, and vouchers of each of the other parties; and the gist of the complaint is, that the defendants have made false reports of the amount of dynamite sold by them, and refuse to allow an examination of the books, etc. The object of the action is to compel defendants to allow such examination of their books and papers, and for a judgment against them for such amount of money as may be found to be due from them to plaintiff according to the provisions of the contract.

The rule upon the subject is expressed in the maxim, *Ex turpi causa non oritur actio.* No cause of action can arise out of an illegal contract; and a court will leave the parties to such a contract exactly where it finds them. Courts have held, in a few instances, against the current of authority, that where money or other property has accumulated under an illegal contract, equity will not refuse to dispose of such property as between the parties. Appellant has cited some of such decisions. But in the case at bar, the provisions sought to be enforced by the action are the very means established by the parties to the contract for the purpose of making sure their illegal agreements. They are inseparably interwoven with the whole texture of the contract, and partake of its general character. To grant the prayer of the complaint would be to put into operation the only machinery by which one of the parties to the contract could enforce it against the others. They must be left where they are.

The judgment is affirmed.

De Haven, J., Sharpstein, J., Garoutte, J., Paterson, J., and Harrison, J., concurred.