PETITION OF GEORGE P. MASTEL.
No. 11572.
Decided Nov. 1, 1968.
448 P.2d 161.

George P. Mastel, pro se.

## MEMO OPINION

PER CURIAM:

George P. Mastel, an inmate of the Montana State Prison, appearing pro se, has filed with this Court a petition for a writ of habeas corpus. He contends that he was denied the advice of counsel and was not advised at any time of the seriousness of the charge. From his petition it appears that petitioner was 34 years of age, had a "fall partner" with whom he was jointly charged with the crime of a lewd and lascivious act upon a child.

The district court file indicates that the crime was alleged to have been committed by the petitioner and his co-defendant on the 24th day of July, 1961, and the information contains two counts. The first count alleges, among other things, that the defendants committed the crime by laying hands upon, touching and feeling the body of a female child of six years

of age and photographing such acts. The second count alleges, among other things, that the defendants committed the crime of laying hands upon, touching and feeling the body of a male child of four years of age and photographing such acts.

The information was filed on July 25, 1961, and the minutes of the court show that the defendants were brought before the district court on the same day and informed the judge that they did not desire counsel; they were each furnished with a copy of the information and it was read to them. They waived time for entry of plea and each defendant pleaded guilty to count one and to count two as contained in the information. The court then fixed time for sentencing for July 27, 1961. On that day they were again before the district court and were informed by the court that a pre-sentence investigation would be made; each defendant consented to being sent to the state hospital for a complete psychiatric evaluation. Besides the entries in the court minutes in this respect, the court prepared a written order and in part it reads:

"The Court has fixed this day for passing judgment and fixing sentence.

"The defendants are apparently first offenders before the Bar and without a formal record of a felony or of sex deviation. The defendants have insisted they do not wish the advise (sic) or assistance of legal counsel. This is a serious crime. The last legislature, taking into cognizance the frequency of occurrance (sic) of the odious and unnatural acts, which makes this a distasteful and emotional subject matter, increased the maximum penalty from five to twenty-five years."

It would appear that the petitioner was well advised and completely aware of his right of counsel and the seriousness of the crime with which he was charged. It was nearly a month later, on August 23, 1961, that the defendants were again before the district court and were asked if they had any legal cause why judgment should not be pronounced and they

each replied they had none and the court then imposed sentence upon them.

It is our opinion that the contentions of petitioner are not meritorious. We might say also that the district court file indicates that petitioner had been interviewed by the Montana Defender Project but they have not undertaken any action on his behalf.

The writ sought is denied and this proceeding is ordered dismissed.