BEST DAIRY FARMS, INC., a corporation, Plaintiff and Appellant, *v.* AUBREY D. HOUCHEN, Defendant and Respondent.

No. 11128.

Submitted November 18, 1968. Decided December 4, 1968.

448 P.2d 158.

Drysdale & Sabo, Douglas R. Drysdale (argued), Bozeman, for plaintiff and appellant.

Anderson, Symmes, Forbes, Peete & Brown, Rockwood Brown, Jr. (argued) Billings, for defendant and respondent.

MR. JUSTICE CASTLES delivered the opinion of the Court.

This is an appeal from a judgment of the thirteenth judicial district rendered October 1965. The case was tried to the court without a jury. The procedural matters are somewhat at issue and reveal an unusual process. However, the procedural matters are only important in one view of the case as we shall develop.

The facts were, in part, submitted on an agreed statement. Best Dairy, appellant here, was engaged in the business of manufacturing, selling and distributing fluid milk and dairy products in Billings. Houchen, respondent here, was an employee of Best Dairy as a driver and solicitor for two and one-half years. Best Dairy had furnished him a vehicle, samples, price lists, etc. Houchen had a route and held certain customers; in January, 1969, he served about three hundred twenty-five customers.

It was further agreed that the names of the customers served by the driver within his area would at all times during his employment by the corporation be contained in a "route book", and while the driver was employed by the corporation new customers were added through the efforts of both the corporation and the driver, and that upon the termination of the driver's employment he returned the route book to the corporation, keeping no record of the customers for himself.

However, it was agreed that from the deliveries the driver made to the corporation's customers, the driver retained in his memory the knowledge of the names and addresses of the corporation's existing customers within the driver's designated area. It was further agreed that the driver received a weekly salary, a bonus for each new customer, plus an additional incentive bonus based upon sales. There had never been any discussion between the corporation and the driver as to solicitation of customers on termination of the driver's employment, nor was there any express agreement in this connection.

The parties further agreed that a week after the termination of his employment with the corporation, driver commenced his own dairy delivery business under driver's own trade name and by his purchase of dairy products under a trade name from another dairy; and that thereupon the driver contacted corporation's existing customers within the designated area and persuaded numbers of them to switch business to the driver and that even though the corporation asked him to desist solicitation of the designated area the driver continued to solicit business from the corporation's customers within the area up to the time of the court's restraining order, acquiring approximately eighty of the corporation's former customers within the designated area.

A brief summary of the agreed statement of facts is that the corporation employed the driver as a route salesman, gave him a list of customers to sell to, paid him for new customers, paid him for his services, and that the driver upon termination of his employment with the corporation utilized the knowledge obtained while employed by the corporation to sell products of another dairy to corporation's customers.

Procedurally, Best Dairy filed a complaint seeking an injunction against Houchen, the driver. A temporary injunction was issued and an order to show cause was made. On motion by Houchen, the temporary injunction or restraining order was modified. The order to show cause came on for hearing at the time set; the hearing was had upon the aforementioned agreed statement of fact and upon evidence introduced at the hearing. At the conclusion of the hearing on the order to show cause, the parties stipulated that both might move for a summary judgment. Best Dairy making its motion as to injunctive relief only, *and not as to damages,* and Houchen making his motion without restriction.

Thus, Best Dairy was attempting to restrict the trial court to the injunctive relief only. However, as we shall develop, if Best Dairy did not have grounds for injunctive relief,

neither did it have grounds for a justiciable issue on damages.

In effect the pleadings plead what might be termed the classical case of the salesman driver given or developing a list of customers in a designated area, who terminates his employment and transfers as many of the customers to himself as possible. The pleadings also alleged a conspiracy by the salesman-driver with another competitor. It follows, however, that if the driver was free to do what he did, whether he did it by himself or in conjunction with others would not give rise to damages.

The trial court made findings of fact and conclusions of law and entered judgment thereon. This, even though motions for summary judgment were made as if no genuine issue as to any material fact were present. This legal dilemma, as it were, was seemingly ignored by the trial court; and we think properly so under the particular circumstances of this case.

Due notice of the entry of judgment and filing of findings and conclusions was given, but the plaintiff, Best Dairy, did not file exceptions as required by section 93-5305, R.C.M.1947. This failure to take exceptions would be normally fatal to an attack on the findings. (Stapp v. Nickels, 150 Mont. 220, 434 P.2d 141; Olsen v. United Benefit Life Ins. Co., 150 Mont. 147, 432 P.2d 381; Rozan v. Rosen, 150 Mont. 121, 431 P.2d 870.)

However, here we have sufficient facts agreed to which, under our view of the law, does not give rise to a justiciable issue in any event and thus the trial court's dismissal of the plaintiff's complaint was proper.

The facts as developed by the agreed statement and the plaintiff's own witnesses, giving full credence to them, were that Houchen quit his employment and went into direct competition with his former employer taking some 80 customers away. The names of the customers served by Houchen were

at all times during his employment for plaintiff contained only in a "route book". During the term of Houchen's employment by Best Dairy new customers were added through both ˙Houchen's and Best Dairy's efforts. The route book was returned to Best Dairy and no written record of Best Dairy's customers was retained by Houchen. However, Houchen retained memory of the names and addresses of existing customers. And, such names and addresses were not confidential and were in fact readily ascertainable by anyone. No agreement, either oral or written, existed between the parties about solicitation by Houchen upon termination of his employment.

As to the ascertainability of the names of customers, Best Dairy's branch manager testified directly that anyone could easily ascertain who was delivering milk to a certain customer.

The single issue we shall decide, and which is determinative of the case, is: was the customer information retained in the memory of respondent Houchen upon termination of his employment with appellant Best Dairy such a property right or trade secret as to allow injunction and damages against Houchen's later solicitation of said customers in competition with Best Dairy?

Appellant sets up section 41-211, R.C.M.1947, which states that:

"Everything which an employee acquires by virtue of his employment, except the compensation, if any, which is due to him from his employer, belongs to the latter, whether acquired lawfully or unlawfully, or during or after the expiration of the term of his employment."

Then follows with the analysis of California based upon California Civil Code, section 1985, interpreted in Empire Steam Laundry v. Lozier, 165 Cal. 95, 130 P. 1180, 44 L.R.A., N.S., 1159; and subsequent California cases of Dairy Dale Co. v. Azevedo, et al., 211 Cal. 344, 295 P. 10; and finally

Gloria Ice Cream etc. Co. v. Cowan, 2 Cal. 2d 460, 41 P.2d 340.

However, even in California where the court has gone as far as it did in Gloria Ice Cream, supra, in Gordon v. Schwartz, 147 Cal.App.2d 213, 305 P.2d 117, 121 (1957), the California Court listed as one criterion in "trade route" cases that the information was confidential and not readily accessible to competitors.

In an annotation in 126 A.L.R. 758, the author states in part that, "* * * it is the general rule that in the absence of an express contract forbidding solicitation of a former employer's customers, an employee, in entering into competition with his former employer, either on his own account or on behalf of another in the same business, may solicit the business of his former customers, and will not be enjoined from such solicitation at the instance of his former employer. The majority of the later decisions are also to this effect."

Also in Restatement of Agency 2d, § 396, the Comment on Clause (b) indicates that there is no "trade secret" if the information was not confidential and was readily accessible to others.

We have not chosen to discuss the literally hundreds of cases in this field but see, for example, National School Studios v. Superior School Photo S., 40 Wash.2d 263, 242 P.2d 756 and Surburban Gas of Grand Junction, Inc. v. Bockelman, 157 Colo. 78, 401 P.2d 268.

Applying these rules to the instant case, since the information of customer's names and addresses was not confidential and was readily accessible to anyone, there was no justiciable issue and the district court was correct in so ruling.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL and ADAIR, concur.