MR. JUSTICE DALY
delivered the opinion of the Court.
This is an appeal from the findings, conclusions and order for judgment entered by the District Court, Yellowstone County. The court ruled the restrictive covenant contained in the employment agreement between the parties was ineffective in the state of Montana because it was violative of the public policy of this state and therefore unenforceable.
The material facts were stipulated to for the purpose of appeal. Plaintiffs J. T. Miller Co. and Upper Northwest Payment Plans Co. are engaged in the business of operating and managing a general insurance agency in Minneapolis, Minnesota. Defendant entered into an employment agreement with plaintiffs on July 6, 1971. Defendant was employed to act as Miller Company’s field agent for the purpose of selling “credit life” insurance. Pursuant to this agreement, defendant did act as a salesman for plaintiff Miller Co. *51 in the Minnesota area until 1973. in 1973, defendant was transferred to North Dakota. After one year in North Dakota, defendant was moved to Montana as of August 1974. During the following August (1975), defendant terminated employment with plaintiffs. Defendant immediately commenced employment with a competing insurance company.
Plaintiffs filed suit on March 10, 1976, praying for an order restraining defendant from contacting or soliciting any of plaintiffs’ customers with whom defendant had at any time dealt with on behalf of plaintiffs. The District Court issued, upon plaintiffs’ ex parte application and affidavit, a temporary restraining order. Trial was held on this matter October 5, 1976. Following trial, the District Court dissolved the temporary restraining order on the grounds the restrictive agreement was contrary to the declared public policy of Montana and section 13-807, R.C.M.1947. From this judgment, plaintiffs appeal.
The dispute centers on the legal question: Is the restrictive covenant contained in the employment agreement between plaintiffs and defendant enforceable under the laws of Montana?
The pertinent part of the restrictive covenant contained in the employment agreement reads:
“* * * The Employee agrees and covenants that for a period of five (5) years after the termination of this Agreement, he will not directly or indirectly own, manage, operate, control, be employed by, participate in or be connected in any manner with the ownership, management, operation or control of any business which sells credit life, credit accident, health or other insurance to any customer of the Employer with whom the Employee has at any time had any dealings on behalf of the Employer; contact or solicit any customers of the Employer with whom the Employee has at any time had any dealings on behalf of the Employer; or sell or deliver to any customers of the Employer any insurance sold by the Employee while an Employee of the Employer as set out in this contract.”
Plaintiffs challenge the applicability of section 13-807, *52 R.C.M.1947, to the restrictive covenant contained in the employment agreement. Section 13-807 states:
“Any contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided for by the next two sections, is to that extent void.”
Section 13-807 was first enacted in Montana as Sec. 2246, 1895 Civil Code and was adopted from the California Civil Code, Business and Professions § 16600. Prior thereto, the California Supreme Court construed its effect as voiding restraints other than those authorized by companion section. Vulcan Powder Co. v. Hercules Powder Co. (1892), 96 Cal. 510, 31 P. 581. Also see: Monogram Industries, Inc. v. Sar Industries (1976), 64 Cal.App.3d 692, 134 Cal Rptr. 714, 718. Thus we apply the presumption of statutory construction where in borrowing a statute from a sister state the legislature borrows the construction placed upon it by the highest court of the state from which it is borrowed. State ex rel. Mankin v. Wilson (1977), 174 Mont. 195, 569 P.2d 922. This Court requires strict compliance with the statutory provisions of section 13-807 and companion sections 13-808 and 13-809, R.C.M.1947. Bauer v. Chaussee (1977), 173 Mont. 270 567 P.2d 448.
In their challenge plaintiffs contend the prohibition of section 13-807 is not absolute, but permits restraints which are reasonable under the circumstances. We find this contention fails for two reasons:
First Section 13-807 is clear in its prohibition against restraint of a lawful profession, trade or business, except where the restrictive covenant involves the sale of the goodwill of the business (section 13-808), or a partnership dissolution agreement (section 13-809). Montana follows those jurisdictions making a distinction between covenants incident to an employment contract and those ancillary to a sale or other transfer of a business, practice or property. Where distinctions have been made, courts are less prone to enforce restrictive covenants between employer and employee than where the restriction is part of a contract for sale of a business in which *53 goodwill may be a part of the property sold. H & R Block, Inc. v. Lovelace (1972), 208 Kan. 538, 493 P.2d 205, 50 A.L.R.3d 730; Monogram Industries, Inc. v. Sar Industries, supra.
Plaintiffs’ restrictive covenant, in their employment agreement, clearly does not qualify under either statutory exception to section 13-807. Accordingly, the directness of section 13-807 in its structure and the broadness of its terms commands the conclusion that it applies to the facts of this case and prohibits the restraint asserted.
Second Plaintiffs’ contention also fails for the reason once section 13-807 is found to be the applicable law it is plaintiffs’ burden to show that the restrictive covenant did not violate this section. To meet this burden plaintiffs relied on numerous California cases and one Montana case — Best Dairy Farms v. Houchen (1968), 152 Mont. 194, 448 P.2d 158.
We focus our attention on the Montana case as the California cases relied on by plaintiffs were previously reviewed by this Court in Houchen, the Montana case.
Plaintiffs contend this court gave no indication whatsoever in Houchen that section 13-807 would bar an injunction under proper circumstances, and the proper case for injunctive relief is presented by the factual setting of the case at hand. We find no merit in that speculation. In Houchen, the issue raised was whether the customer information, contained in the memory of .the employee, was a property right or trade secret of the employer, such as to allow injunctive relief against the ex-employee’s later solicitation of his former employer’s customers, the Court stated:
“However, even in California where the court has gone as far as it did in Gloria Ice Cream, supra [Gloria Ice Cream, etc., Co. v. Cowan, 2 Cal.2d 460, 41 P.2d 340], in Gordon v. Schwartz, 147 Cal.App.2d 213, 305 P.2d 117, 121 (1957), the California Court listed as one criterion in ‘trade route’ cases that the information was confidential and not readily accessible to competitors.
“Also in Restatement of Agency 2d, § 396, the Comment on Clause (b) indicates that there is no ‘trade secret’ if the information *54 was not confidential and was readily accessible to others.” (Emphasis added.) 152 Mont. 199, 448 P.2d 161.
Houchen was not enjoined from soliciting customers of his former employer. The information of customer’s names and addresses was not confidential and was readily accessible to anyone.
In the instant case, defendant did nothing more than to contact banks which were obviously known and open to all vendors of credit life insurance. No privileged information was required by defendant'to locate the'banks which he solicited. The knowledge of the banks was' clearly within the public domain. In fact, to locate -banks in Montana would be a much easier task than to produce customer names on a milk route as in Houchen.
Finally, plaintiffs contend the key question in this case is whether the former employee acted unfairly and utilized his past employ er’s customer information. In answer, we note the agreed statement of facts found in Houchen:
“* * * the corporation employed the driver as a route salesman, gave him a list of customers to sell to, paid him for new customers, paid him for his services, and that the driver upon termination of his employment with the corporation utilized the knowledge obtained while employed by the corporation to sell products of another dairy to corporation’s customers.”
Under this factual setting, no injunction against solicitation was granted.
Mathews Paint Co. v. Seaside Paint & Lacquer Co. (1957), 148 Cal.App.2d 168, 306 P.2d 113, 117, adds additional clarity to the question of unfair utilization of a past employer’s customer information. In Mathews, plaintiff sued to enjoin defendants, former employees of plaintiff, from selling lacquer products to plaintiff’s former customers. It was alleged that defendants, while in the employ of plaintiff, learned the names and addresses of the customers for plaintiff’s products and the individual requirements and needs of the customers, and defendants were making use of this information to sell other lacquer products in competition with plaintiff. The court found the complaint insufficient to state cause of action *55 for the reason that it failed to allege the use by defendants of secret and confidential information pertaining to plaintiff’s business.
In the instant case, defendant, a salesman, left the employment of plaintiffs, possessed of information gained in that employment. The employee, having left his employment, is free to make use of his experience, so long as he does not violate his employer’s confidence. King v. Pacific Vitamin Corporation (1967), 256 Cal.App.2d 841, 64 Cal.Rptr. 486, 489; Anno. 28 A.L.R.3d 29; 42 Am.Jur.2d, Injunctions, § 112, pp. 860, 861. Here, defendant did nothing more than to contact banks which were known and open to all. No privileged information was required by defendant to locate the banks he solicited. Under the standards set forth in Houchen and Mathews, the information was not confidential. Defendant is accused of nothing, except selling to former customers of plaintiffs in a field that is known and open to all competitors of plaintiffs.
The judgment of the District Court is affirmed.
ACTING MR. CHIEF JUSTICE HARRISON, JUSTICE HAS-WELL and ROBERT J. BOYD, District Judge, concur.