No. 14806

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

TREASURE CHEMICAL, INC., a Montana
Corporation, and ART FREDRIKSEN,

Plaintiff and Appellant,

vs.

TEAM LABORATORY CHEMICAL CORPORATION,
GARY SULLIVAN and DAVID LEINWAND,

Defendants and Respondents.

---

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Terry L. Seiffert argued, Billings, Montana

For Respondents:

Pedersen, Herndon, Harper & Munro, Billings, Montana
Donald Herndon argued, Billings, Montana

---

Submitted:  January 17, 1980

Decided: MAR 27 1980

Filed: MAR 27 1980

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiffs appeal from the order of the Yellowstone County District Court which granted judgment against the plaintiffs in their action to enforce the terms of a covenant not to compete against the defendants. The main issue in this appeal is whether the covenant against competition falls within a statutory exception to the code's prohibition against restraints on trade.

The plaintiffs filed a complaint seeking enforcement of a covenant not to compete contained in a dissolution of partnership agreement made with defendant, Gary Sullivan. The defendants filed separate answers and a joint motion for partial summary judgment. The court granted the defendants' motion and on March 23, 1979, the parties filed a stipulation that the partial summary judgment should act as a final judgment against the plaintiffs. On April 6, 1979, the court found that the stipulation was made with good cause and granted judgment to the defendants against the plaintiffs. The plaintiffs appeal this judgment.

Since this action never proceeded to trial, the following statement of facts is taken from undisputed facts stated in the appellate briefs and papers filed by the parties in District Court.

Plaintiff, Art Fredriksen, and defendant, Gary Sullivan, engaged in the sale of industrial chemicals in the State of Montana in 1975. On April 13, 1976, they formalized their relationship in a partnership agreement. Sullivan made sales for the partnership, which was called Treasure Chemical, until June 30, 1976 when a dissolution of partnership

agreement was signed. The agreement provided that the business should belong to Fredriksen and that he should acquire all of Sullivan's interest in the profits, assets, and goodwill of the partnership. Sullivan was to receive $27,500 for his entire interest in Treasure Chemical and he further agreed not to compete with Fredriksen in the sale of chemicals where the partnership business had been transacted. On the same date, Fredriksen incorporated Treasure Chemical and entered into a sales agreement with Sullivan whereby Sullivan would receive a commission for sales made for the newly formed corporation.

Sullivan made sales for Treasure Chemical, Inc., until the fall of 1977 when he terminated his sales representative agreement and acquired an interest in a North Dakota business called Team Laboratory Chemical Corporation.

David Leinwand, who also has been named as a defendant in this action, signed a sales representative agreement with Treasure Chemical, Inc., on August 18, 1976. The agreement made Leinwand the exclusive salesman for Treasure Chemical in a large territory of Montana. Leinwand terminated this agreement on September 1, 1978, and thereafter began working with Team Lab.

Plaintiffs, Treasure Chemical, Inc., and Art Fredriksen, filed a complaint seeking to enforce the covenant against competition contained in the dissolution of partnership agreement. The complaint named Gary Sullivan, David Leinwand, and Team Laboratory Chemical Corporation as defendants, and sought damages, a temporary restraining order, and a permanent injunction against the sale of chemicals by the defendants in some thirty-two Montana counties named in the complaint. The defendants filed separate answers and a motion for partial summary judgment.

-3-

The court set a date for a hearing and the parties filed briefs on the motion. The court order filed February 1, 1979 dismissed Treasure Chemical, David Leinwand, and Team Lab from the action, denied the request for a temporary restraining order, and found the covenant not to compete void outside the Billings city limits. The court ordered further proceedings to determine whether Fredriksen was entitled to damages for breach of the covenant.

On March 23, 1979 the parties filed a stipulation stating that no significant sales were made in Billings and that the partial summary judgment should act as a final judgment against the plaintiffs. The court's judgment of April 6, 1979 stated that the stipulation was made with good cause and granted judgment for the defendants against the plaintiffs. The plaintiffs appeal this judgment.

The plaintiffs contend the District Court's determination that the code limits the operation of a covenant not to compete to the boundaries of a single city or town was an unduly narrow construction of sections 28-2-704 and 28-2-705, MCA and that these sections authorize the enforcement of any covenant which has reasonable geographic limitations.

We do not accept the plaintiffs' contention. The test of reasonableness provides a general guide to courts which do not have the benefit of a statute governing the scope of restrictive covenants. See Henderson v. Jacobs (1952), 73 Ariz. 195, 239 P.2d 1082, 1086. See also 17 C.J.S. Contracts, §246, at 1122 and cases cited therein. Here, however, we are presented with a question of statutory interpretation.

Montana code contains provisions determining the geographical range of covenants not to compete. Section 28-2-703, MCA, prohibits restraints on trade:

"Any contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided for by 28-2-704 or 28-2-705, is to that extent void."

Exceptions to this general prohibition are stated in the following sections:

"One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city, or part thereof so long as the buyer or any person deriving title to the goodwill from him carries on a like business therein." Section 28-2-704, MCA.

"Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted or within a specified part thereof." Section 28-2-705, MCA.

Sections 28-2-703, et seq., MCA, have been modeled after sections 1673, et seq., California Civ. Code. We have already determined that our interpretation of these sections will be guided by the construction given them by the Supreme Court of California. See J. T. Miller Co. v. Madel (1978), _____ Mont. ____, 575 P.2d 1321, 35 St.Rep. 263. California decisions interpreting its civil code have concluded that its statutes should be construed literally to deny enforcement of covenants that exceed the boundaries of a single city or county. Edwards v. Mullin (1934), 220 Cal.Rptr. 379, 30 P.2d 997; Du Bois v. Padgham (1912), 18 Cal.2d 98, 123 P. 207; Franz v. Bieler (1899), 126 Cal.Rptr. 176, 56 P. 249; City Carpet Beating, Etc., Works v. Jones (1894), 102 Cal.Rptr. 506, 36 P. 841. The decision in City Carpet, supra, provides the reasoning for this interpretation:

"The Code . . . eliminates from the controversy arising upon such restriction the question as to what is a reasonable territorial limit, by specifically defining it, and thus preventing litigation; and in this the statute is wise and salutary, even though, in certain cases—possibly in this one,—it gives the purchaser less than he bought, and less than he might enjoy without violating the interests of the public."

The covenant not to compete contained in the parties' dissolution of partnership agreement was not limited to a single city. It stated:

> ". . . Sullivan, hereby agrees . . . that he, the retiring partner, will not, . . compete with the continuing partner either directly or indirectly in the sale of chemicals within the same cities or towns within the State of Montana where the partnership business had been transacted for a period of three (3) years . . ."

The plaintiffs' complaint named 32 Montana counties in which the partnership allegedly transacted business.

Section 28-2-705 governs the restrictive covenant contained in the parties' dissolution of partnership agreement. This section explicitly limits such covenants to the boundaries of a single city or town. The parties do not seriously dispute the trial court's determination that Billings is the location where the plaintiffs transact business. Therefore, the court's order declaring the covenant "void to the extent that it purports to operate outside of the city limits of Billings" is affirmed.

The plaintiffs also assert that material questions of fact existed when the court granted the defendants' motion for a summary judgment. They argue that the trial court should have determined whether the plaintiffs conducted business in all 32 counties alleged in their complaint and whether Gary Sullivan controlled Team Lab or merely had an interest in Team Lab. Neither of these questions are material here in light of the fact that the covenant is restricted to the city limits of Billings, and that the plaintiffs' sale of chemicals in Billings is insignificant.

We note in passing that the decision here might have been entirely different were there not a statute which so clearly limited the scope of covenants not to compete to a

single city. Intercity and interstate businesses are common today and under some circumstances, it is reasonable to enforce covenants that cover the boundaries of an entire state. See Monogram Industries, Inc. v. Sar Industries (1976), 134 Cal. Rptr. 714, 64 Cal.App.3d 692; Esmark Inc. v. McKee (1978), 118 Ariz. 511, 578 P.2d 190. Sections 28-2-703, et seq., MCA, were enacted in 1895, and to the present day have not been amended. We recommend to the legislature that it consider whether changes are now appropriate.

Judgment is affirmed.

_____
                        Justice

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices

-7-