No. 14957

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

LAR-CON CORPORATION, a
Montana Corporation,

Plaintiff and Respondent,

vs.

MURMAN PROPERTIES, LIMITED,
a Canadian Corporation, JILL
MURDOCH and DON MURDOCH,

Defendants and Appellants.

---

Appeal from: District Court of the Eighteenth Judicial,
County of Gallatin,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

J. David Penwell argued, Bozeman, Montana

For Respondent:

Larry Moran argued, Bozeman, Montana

---

Submitted: February 25, 1980

Decided: JUN 16 1980

Filed: JUN 16 1980

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of
the Court.

Defendant Murman Properties appeals from a judgment
of the Gallatin County District Court in favor of plaintiff
Lar-Con Corporation which enforced a contract of sale of
a business which provided in part for a percentage of gross
sales of the business for a certain number of years.

In seeking to avoid payments, Murman Properties,
Jill Murdoch and Don Murdoch (the buyers) contend that the
Lar-Con Corporation (the seller), violated an agreement
not to compete with the buyers in the grocery business.
Although such term was not part of the sales agreement,
the buyers allege that it was part of the sales agreement
and that they would not have entered into this contract in
the absence of such a provision.

The trial court found, however, that the parties had
discussed noncompetition before entering into the written
agreement, and that plaintiff had refused to make any
such commitment. Assuming moreover, that the parties had
orally agreed to enter into a noncompetition agreement and
that parol evidence was admissible to prove this point,
the resulting agreement would nonetheless be unenforceable
because it violated a statute which prohibits noncompetition
agreements to extend beyond a county boundary. For this
reason, we affirm the judgment without reaching the sub-
sidiary issues raised by the buyers.

The buyers' claim in support of the alleged oral
agreement that the seller induced the buyers to enter
into the contract based on an oral representation that
it would not compete and on the further representation that
there was no need to integrate the noncompetition agreement
into the sales contract. The buyers claim in this regard,

-2-

but did not allege the required elements of fraud as required by Rule 9(b), M.R.Civ.P. Rather, it appears that the main thrust of its defense was the claim that the sales contract should be reformed so as to reflect the actual agreement not to compete.

The sales agreement arose when the seller decided to sell one of its two retail businesses at Big Sky, Montana. The seller owned "Ernie's Deli" in the Mountain Mall, which is located in Madison County. The seller also owned the Country Store in the Meadow Village area, which is located in Gallatin County. These two businesses are, however, only 7.3 miles apart, although located in separate counties. In 1976 the seller entered into an agreement with the buyers to sell the Country Store operation, located in Gallatin County. The Country Store sold gifts, apparel items, and general grocery products. The sale included fixtures, furniture, goodwill and inventory. The seller, however, continued to own and operate Ernie's Deli, located in Madison County. Ernie's Deli sold and served food for on and off premises consumption.

By the terms of the sales contract, the buyers made a cash payment at the time of the sale and were required to make additional payments to the seller in the sum of 1.75% of the gross sales for the years 1977, 1978, 1979, 1980 and 1981. The dispute arose when the buyers failed to make the 1978 contract payment and the seller then filed a lawsuit seeking to enforce the provisions of the sales agreement. The buyers then raised the alleged non-competition provision as an affirmative defense, contending that the seller had violated this provision, although it was not contained within the four corners of the sales agreement.

-3-

The underlying evidence relied on by the buyers to support a claim that an agreement not to compete had been violated, relates to the decision of the seller to continue operation of Ernie's Deli (located in Madison County) at two locations in the Mountain Mall--one for the delicatessen business, and the other for the grocery business. The effect of this split was to permit the seller to enlarge the seating capacity of the delicatessen and to provide more room for display of the grocery products at the other location. The buyers assert that the expansion of the grocery business violated the alleged oral agreement not to compete.

The trial court found in favor of the seller and ordered that the buyers account for and pay the seller 1.75% of the year's profits from December 1, 1977 through November 30, 1978 and also that the buyers pay to the seller the same percentage for the years 1979 through 1981 pursuant to the provisions of the sales agreement.

In meeting the buyers' contentions, the trial court specifically found that the written contract entered into between the parties excluding any reference to a non-competition agreement, was not induced by the seller's fraud. Indeed, the trial court found that the parties had discussed a noncompetition agreement before entering into the written contract but that the seller would not agree to such a provision.

As previously stated, the alleged noncompetition agreement could not be enforced in any event, because to do so would violate section 28-2-703, MCA, which provides that a noncompetition agreement can be enforced only as an exception to the general policy provisions contained in section 28-2-703, which provides that contracts made in

-4-

restraint of competition are void. The exceptions contained in section 28-3-704, MCA, permit an agreement not to compete to exist only where it is confined to a particular city or county, or a part of a city of county. Here, although the businesses are only 7.3 miles apart, they are in different counties, and thus the alleged noncompetition agreement could not be enforced in any event. See Treasure Chem. v. Team Lab. Chemical Corp. (1980), ___ Mont. ___, 609 P.2d 285, 37 St.Rep. 573.

Assuming the desirability of exceptions to the rule that agreements not to compete are void, it cannot be doubted that a statute which provides that such agreement cannot be enforced in more than one county, totally ignores modern day reality. But that is a legislative problem.

Judgment is affirmed.

```
                                ------------------------------------
                                               Justice
```

We Concur:

```
_____
          Chief Justice
```

```
_____
```

```
_____
```

```
_____
             Justices
```

-5-